## 50386. RICH'S, INC. v. SNYDER.

ARGUED MARCH 11, 1975 — DECIDED MAY 9, 1975 — REHEARING DENIED MAY 28, 1975 —

*H. Sanders Carter, Jr.,* for appellant.
*David L. Ross,* for appellee.

CLARK, Judge.

On the last day before plaintiff's claim would have been barred by the two-year statute of limitation for personal injuries, plaintiff filed her suit naming Richway, Inc. as defendant. She alleged that on March 14, 1972, while shopping in defendant's store, she had sustained serious injuries and consequent medical expenditures when she had "slipped and skidded on a piece of popcorn,"

which foreign substance was allegedly due to defendant's negligence. The action was filed March 13, 1974, with service being made two days later, March 15th.

Richway, Inc. filed its answer along with a summary judgment motion based upon the ground that Richway, Inc. did not own, operate and control the store in which the accident occurred. Thereupon, on May 13, 1974, plaintiff amended her complaint by striking Richway, Inc. and substituting "Rich's, Inc. d/b/a Richway, Inc." as defendant. The amendment recited that it was made under Code Ann. § 81A-115 (c) and that all of its requirements had been met, "in that this amended pleading arises out of the same transaction as set forth in the original complaint and the defendant had actual knowledge of said suit and is not prejudiced in any way in maintaining its defense on the merits." It also stated "defendant knew that but for a mistake concerning the identity of the proper party such action would have been brought against it."

Rich's, Inc. filed a pleading denominated as "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment." Therein Rich's, Inc. asserted plaintiff's complaint was barred as to it by the running of the statute of limitation inasmuch as the amendment substituting it for Richway, Inc. was filed after the passage of two years. The attached affidavit disclosed that Rich's, Inc. was a Delaware corporation authorized to do business in Georgia and Richway, Inc. was a Georgia corporation. Both corporations had the same registered agent for service of process.

Discovery proceedings were instituted at the direction of the trial judge. The facts thereby developed that Rich's, Inc. owned all of the issued stock of Richway, Inc. with substantially the same executives, that Richway, Inc. did not own or operate any Richway Stores,[1] and therefore did not carry any liability insurance. Further facts shown were that the liability insurer for

---

[1] The apparent reason for creating Richway, Inc. as a Georgia corporation was to protect the Richway name under which Rich's, Inc. operates its discount stores.

Rich's had been notified of the claim at the time of its occurrence and had contacted the plaintiff during which a nominal settlement had been offered.

The trial court granted summary judgment for Richway, Inc. and simultaneously denied the motion of Rich's, Inc. A certificate of immediate review authorizing this appeal was also allowed. *Held:*

1. The 1972 General Assembly amended our original Civil Practice Act to include those modifications which had been made by the 1966 changes in the Federal Rules of Civil Procedure. See Ga. L. 1972, p. 689. Among these legislative enactments was an addition to subsection (c) of section 15 dealing with the relation back of a pleading amendment changing parties.

As thus amended Code Ann. § 81A-115 (c) reads as follows: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. *An amendment changing the party against whom a claim is asserted relates back to the date of the original pleadings if the foregoing provisions are satisfied, and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.*" (We have italicized the portion added by the 1972 amendment).

The facts of the instant case indicate the 1972 legislative change was tailored to fit a situation such as appears here and conforms to the five requirements stated in our headnote. When plaintiff amended her complaint, she did so only by changing the party defendant from Richway, Inc. to the real owner and operator, Rich's, Inc. d/b/a Richway, Inc. Clearly, Rich's, Inc., the correct defendant, had early notice of the pendency of the claim. This is shown by the record at page 24 in the affidavit of K. E. Dye. Affiant there states he is the secretary and the registered agent for service of both corporations and that

he "was served with a copy of the summons and complaint in the above-stated action on March 15, 1974 as the registered agent for service of Richway, Inc." Thus, when served as agent for the corporation which had no stores Dye as secretary of both corporations knew that the Jonesboro Road location where the incident occurred was not owned and operated by Richway, Inc., his corporation that was sued, but by his other corporation, Rich's, Inc.

Since the action was commenced within the two-year period of the limitation statute the fact that service was made one day after the expiration of this statute does not bar the action. See *Parker v. Kilgo,* 109 Ga. App. 698 (1) (137 SE2d 333); *Humble Oil &c. Co. v. Fulcher,* 128 Ga. App. 606, 609 (197 SE2d 416) and *Childs v. Catlin,* 134 Ga. App. 778.

An additional factor that should be observed is that discovery proceedings instituted at the direction of the trial court developed that the liability insurer for Rich's, Inc., the correct defendant, communicated with plaintiff shortly after her slip and fall. With this knowledge on the part of its liability insurance carrier there is nothing in this case to indicate that Rich's, Inc. will be prejudiced in maintaining its defense on the merits.

Since Rich's, Inc. is the sole stockholder of Richway, Inc. with knowledge that Richway, Inc. did not own nor operate any stores, the parent clearly "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against (it)."

2. The case of *McGowans v. Speed Oil Co.,* 94 Ga. App. 35 (93 SE2d 597) relied upon by appellant is not applicable because it was decided under the provisions of Code § 81-1303 which was among those Code sections expressly repealed by our Civil Practice Act of 1966.

3. Appellant complains that the trial court's ruling deprives Rich's, Inc. of its right to plead the statute of limitation bar. This overlooks the fact that the aim of the relation back rule as to amendment contained in Code Ann. § 81A-115 (c) is to ameliorate the impact of the statute of limitation. See Wright & Miller, Federal Practice and Procedure: Civil § 1496. A narrow technical reading of this Code section would defeat the purposes for

which it was designed. We recognize the validity of appellant's articulate attorney's assertion that "Plaintiff was not misled by Rich's, Inc. nor did Rich's, Inc. attempt to conceal its identity or to 'hide in the bushes' until after the statute had run." (Appellant's original brief, page 19). Nevertheless, the facts of the case at bar bring plaintiff's case within the protective provisions of the legislative 1972 declaration. See *Thomas v. Home Credit Co.*, 133 Ga. App. 602, 605 (4) (211 SE2d 626).

*Judgment affirmed. Pannell, P. J., and Quillian, J., concur.*