## 51148. A. H. ROBINS COMPANY v. SULLIVAN et al.

MARSHALL, Judge.

This appeal involves the relationship between the prior pending action defense of Code § 3-601 and the relation back of amendments provision of CPA § 15 (c) (Code Ann. § 81A-115 (c)).

Though the history of litigation between the parties is more complicated, the basic facts necessary to our decision are extricable. Mrs. Sullivan was allegedly injured by the improper placement of a contraceptive device. She initially brought suit for malpractice in Chatham County in February, 1974, against two defendants, a doctor and a radiologist association. She then decided to sue the manufacturer of the device, appellant, A. H. Robins Company, and filed a suit against it in Thomas County in June, 1974, naming in the same suit the other two defendants. One month later, in July, she amended her suit in Chatham County by adding

Robins as a party defendant to that suit, alleging the same negligence specified in the Thomas County suit. Service of this amendment was properly made on Robins in November, 1974, at which time Robins moved to dismiss the amended Chatham County action on the grounds that there was a prior pending action in Thomas County asserting the same claim and involving the same parties. In December, Sullivan voluntarily dismissed the suit brought in Thomas County. The trial court denied Robins' motion on the ground that the Chatham County suit was pending prior to the Thomas County suit. *Held:*

It is apparent that the trial court based its finding that the amended Chatham County suit preceded the Thomas County suit on the ground that the July amendment to the Chatham County suit related back to the original action brought in February, insofar as Robins is concerned. It is certainly permissible to add new parties to a pending action, by order of the court, as was done here. CPA § 21 (Code Ann. § 81A-121). Does the addition of a new party relate back to the original suit for purposes of determining whether a prior pending suit exists under Code § 3-601? Unless changed by CPA § 15 (c) (Code Ann. § 81A-115 (c)), the Georgia rule is that the addition of totally new parties by amendment does not relate back to the original suit. See *Bower v. Thomas,* 69 Ga. 47 (2). "The filing of the amendment was the commencement of the action as to the new defendant." *Knox v. Laird,* 92 Ga. 123 (1) (17 SE 988).

CPA § 15 (c) provides: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment *changing* the party against whom a claim is asserted relates back to the date of the original pleadings if the foregoing provisions are satisfied, and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning

the identity of the proper party, the action would have been brought against him." (Emphasis supplied.)

Sullivan contends that the conditions of the first sentence of this Code section are met in that the claim asserted in the amendment "arose out of" the occurrence set forth in the original suit. We agree because it cannot be disputed that Robins' alleged negligence (manufacture of a defective device) arose out of the same occurrence alleged in the original complaint (installation of the same device). See *Sam Finley, Inc. v. Interstate &c. Ins. Co.,* 135 Ga. App. 14 (2) (217 SE2d 358). But she contends that the second sentence does not apply because this case does not involve a statute of limitation defense. While most of the cases dealing with relation back of amendments do involve a statute of limitation problem, we do not read § 15 (c) as limited only to those cases. See *Rowe v. C. & S. Nat. Bank,* 129 Ga. App. 251 (199 SE2d 319), where a defendant's attempt to add itself as a new party and raise the prior pending action defense of Code § 3-601 was rejected by this court on authority of the relation back principles of § 15 (c).

The question becomes, can Sullivan's amendment which *added* Robins as a *new party,* be interpreted as a "change" of a party within the meaning of the second sentence of § 15 (c)? We do not believe that the addition of parties who are altogether strangers to the original suit, insofar as notice and knowledge thereof, was intended to be encompassed within the word "changing." See, *Sam Finley, Inc. v. Interstate &c. Ins. Co.,* 135 Ga. App. 14 (3a), supra; *Rowe v. C. & S. Nat. Bank,* 129 Ga. App. 251, supra. Examples of the proper "changes" contemplated and permitted by § 15 (c) are: substituting a party for a "John Doe" defendant who has been identified and served, *Moulden Supply Co. v. Rojas,* 135 Ga. App. 229 (217 SE2d 468); *Sims v. American Cas. Co.* 131 Ga. App. 461, 481 (206 SE2d 121); changing the capacity of a party plaintiff, *Atlanta Newspapers v. Shaw,* 123 Ga. App. 848 (182 SE2d 683); changing a misnomer, *Locklear v. Morgan,* 127 Ga. App. 326 (3) (193 SE2d 208); changing a named corporate defendant to reflect the true corporation, *Rich's Inc. v. Snyder,* 134 Ga. App. 889 (216 SE2d 648); and adding other survivors of decedent as

parties plaintiff, *Gordon v. Gillespie,* 135 Ga. App. 369 (1) (217 SE2d 628). In these cases the change did not add an entirely new party.

Here, Sullivan has not shown that Robins had any identity of interest with the two original Chatham County defendants such as to be sufficiently alerted to or unofficially involved in that suit. See 3 Moore's Federal Practice § 15.15 [4.—1] p. 1047. Nor has Sullivan demonstrated that its failure to join Robins in the original action was not due to "inexcusable neglect." 3 Moore's Federal Practice § 15.15, supra.

There is no merit to Sullivan's contention that Robins was not a "new party" but merely a "joint tort-feasor" to the same cause of action. The two terms are not mutually exclusive.

Nor is it possible for Sullivan to succeed by asserting that its voluntary dismissal of the Thomas County suit erases its existence prior to the amendment to the Chatham County suit. Subsequent voluntary dismissal of the first suit does not preserve the second suit insofar as Code § 3-601 is concerned. See *Sparks v. Sparks,* 125 Ga. App. 198 (2) (186 SE2d 780).

Since § 15.(c) does not authorize the relation back of an amendment which adds Robins as a party defendant to the Chatham County suit, we must conclude that the Thomas County suit preceded the amendment, and therefore, Robins' defense under Code § 3-601 is meritorious.

*Judgment reversed. Bell, C. J., and Webb, J., concur.*

ARGUED SEPTEMBER 17, 1975 — DECIDED NOVEMBER 13, 1975.

*Jones, Bird & Howell, D. N. Kirkpatrick, II, Earle B. May, Jr., Hunter, Houlihan, Maclean, Exley, Dunn & Connerat, Malcolm R. Maclean,* for appellant.

*Bouhan, Williams & Levy, Frank W. Seiler, Johnson & Morse, Charles F. Johnson, T. Jack Morse,* for appellees.