## 56859. HALL v. HATCHER SALES COMPANY et al.

SHULMAN, Judge.

On July 5, 1977, appellant filed a complaint against three parties-defendant, seeking to recover for injuries allegedly sustained on August 31, 1975, when an automatic door closed on her person. On October 7, 1977, plaintiff was granted leave to amend her complaint by adding Hatcher Sales Company as defendant, which company had allegedly performed maintenance and repair work on the automatic door involved in this case. The sole issue presented in this appeal is whether the trial court properly granted summary judgment in favor of Hatcher Sales Company on the basis of Hatcher's statute of limitation defense.

The evidence submitted in support of and in opposition to the motion for summary judgment establishes that this action was originally filed against Winn-Dixie Atlanta, Inc., as occupier of of the premises where the automatic door was located; Cawthon-Hollums Properties, Inc., as owner of the property; and Stanley Door Systems, Inc., as manufacturer of the door; that 12 days prior to the expiration of the statute of limitation period, plaintiff was informed by answer to interrogatory that Hatcher Sales Company had performed maintenance work on the door in the spring of 1975; that by letters dated May 3, 1976 and June 3, 1976, from Winn-Dixie Atlanta, Inc.'s and Cawthon-Hollums Properties, Inc.'s respective insurance carriers, and a conversation of May 25, 1976, Hatcher Sales Company was informed of the

incidents giving rise to the instant action and was urged to notify its insurance carrier; and that on September 13, 1977, Hatcher was formally put on notice, pursuant to Code Ann. § 38-624, of the pendency of the action.

1. Code Ann. § 81A-115 (c), governing the relation back of amendments to the original pleadings, controls this case. That Code section provides in pertinent part that "[a]n amendment changing the party against whom a claim is asserted relates back to the date of the original pleadings if. . .within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits. . ."

By the plain wording of the statute, the required notice is notice "of the institution of the action" (i.e., notice of the lawsuit itself) and not merely notice of the incidents giving rise to such action. 3 Moore's Federal Practice, ¶ 15.15 [4.—2], fn. 10, 11, 12. Notice of the incidents giving rise to the litigation did not satisfy the § 81A-115 (c) requirement that the party sought to be added must have notice of the institution of the action. See also *Sims v. American Cas. Co.,* 131 Ga. App. 461 (6) (206 SE2d 121), affd. 232 Ga. 787 (209 SE2d 61), recognizing this distinction by citing Craig v. United States, 413 F2d 854 (9th Cir. 1969), wherein the required "notice of the institution of the action" was held to be notice within the statutory period of the lawsuit, and not merely notice of the incident giving rise to it. *Sims,* supra, p. 483.

2. Hatcher Sales Company, having produced evidence demanding a finding that it did not receive within the time limitation period any notice of the institution of the action, carried its burden on summary judgment. Compare *Sam Finley, Inc. v. Interstate Fire Ins. Co.,* 135 Ga. App. 14 (3b) (217 SE2d 358). Accordingly, summary judgment was proper. *Sims,* supra, Division 6.

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

Argued October 30, 1978 — Decided February 22, 1979.

*Frank M. Eldridge,* for appellant.

*Long, Weinberg, Ansley & Wheeler, Sidney F. Wheeler, Ben S. Williams, Swift, Currie, McGhee & Hiers, Arthur H. Glaser, Carter, Ansley, Smith & McClendon, Tommy T. Holland, David Leonard, N. Forrest Montet,* for appellees.