61811. MAELSTROM PROPERTIES, INC. et al. v. HOLDEN.

QUILLIAN, Chief Judge.

We granted this interlocutory appeal in order to consider whether the trial judge properly denied the defendant's (appellant) motion for summary judgment, predicated on the expiration of the statute of limitations.

As stated by appellant: "The question presented by this appeal is whether Ga. Code Ann. § 3-805, which tolls the statute of limitations during the period of a defendant's absence from the state, applies to a foreign corporation that has withdrawn from doing business in Georgia in accordance with the procedures set forth in Ga. Code Ann. § 22-1414 [Ga. L. 1968, pp. 565, 718; as amended through Ga. L. 1975, pp. 583, 598]."

However, before we determine this question we must first ascertain whether the statute of limitations would otherwise bar the plaintiff.

The last date the plaintiff rendered services for Maelstrom was December 18, 1975. Thus, the plaintiff instituted this suit on an open account against "American Cyanamid Company doing business as The Ervin Company" within the period of the statute of limitations (4 years under Code § 3-706) on December 13, 1979.

Then after the expiration of the 4 years specified in the applicable statute of limitations the plaintiff amended the complaint to allege that Maelstrom Properties, Inc. (the appellant) is the current name of the Ervin Company, the name of the company having been changed in 1979. The amendment sought to recover from Maelstrom as well as American Cyanamid. Service of the amendment was subsequently obtained on May 20, 1980.

CPA § 15 (c) (Code Ann. § 81A-115 (c) (Ga. L. 1966, pp. 609, 627;

as amended through Ga. L. 1972, pp. 689, 694)) provides: "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back to the date of the original pleadings if the foregoing provisions are satisfied, and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

Within the phrase "changing the party against whom a claim is asserted," "the word 'changing' has been liberally construed by the courts, so that amendments that actually substitute defendants, fall within the ambit of the rule." 6 Wright & Miller Fed. Practice & Procedure 511, § 1498. See 3 Moore's Fed. Practice 15-224, § 15.15 [4-2].

"[T]he aim of the relation back rule as to amendment contained in Code Ann. § 81A-115 (c) is to ameliorate the impact of the statute of limitation." *Rich's v. Snyder,* 134 Ga. App. 889, 892 (3) (216 SE2d 648).

It is therefore clear that plaintiff could amend so as to add the defendant (appellant) if the tests set forth in CPA § 15 (c) were met. For a thorough discussion of these principles, see *Sam Finley, Inc. v. Interstate &c. Ins. Co.,* 135 Ga. App. 14 (2) (217 SE2d 358). Accord, *Thomas v. Home Credit Co.,* 133 Ga. App. 602 (4) (211 SE2d 626); *Rich's v. Snyder,* 134 Ga. App. 889, supra.

The defendant, as movant for summary judgment, had the burden of negating the applicability of the requirements in CPA § 15 (c). *Sam Finley, Inc. v. Interstate &c. Ins. Co.,* 135 Ga. App. 14, 20 (3b), supra. Compare *Hall v. Hatcher Sales Co.,* 149 Ga. App. 133 (2) (253 SE2d 812). The defendant having failed to carry its burden, the trial judge correctly denied the motion since it had not been conclusively established that the statute of limitations would bar the plaintiff.

We, therefore, do not reach the issue which formed the basis for granting the application for interlocutory review.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED APRIL 22, 1981..

*R. Marcus Lodge, Kirk M. McAlpin, Albert H. Conrad, Jr.,* for

appellants.
*Michael J. Reily,* for appellee.