64666. COLEY ELECTRIC SUPPLY, INC. v. COLONIAL EGGS OF ALMA, INC. et al.

McMURRAY, Presiding Judge.

This action was initiated by plaintiff, Coley Electric Supply, Inc., as one to foreclose a materialman's lien against defendant Colonial Eggs of Alma, Inc. The plaintiff's original complaint alleged that plaintiff had supplied materials to one Tanner, now bankrupt, in order that Tanner might construct improvements on the real estate in question for Colonial Eggs. This original complaint alleged that Colonial Eggs was the owner of the real estate in question.

Subsequently, the plaintiff became aware that the owner of the real estate in question was not the defendant Colonial Eggs, but instead was defendant Bacon County Development Authority. The trial court permitted the joinder of the development authority as a new and additional defendant in this action. Plaintiff amended its

complaint, adding allegations that Tanner was the agent of defendants. The amended complaint added claims based on the alleged agency relationship and on the benefit received by defendants from the materials supplied by plaintiff.

Following discovery summary judgment was granted in favor of each of the defendants. Plaintiff appeals. *Held:*

1. As to plaintiff's original claim seeking to foreclose the materialman's lien, the record shows that the owner of the property is the defendant development authority and not the defendant Colonial Eggs. Code Ann. § 67-2002 (3) (Ga. L. 1977, p. 675; 1981, p. 846, effective July 1, 1981) (now OCGA § 44-14-362 (3), effective November 1, 1982) specifies that an action to foreclose a materialman's lien in rem directly against the owner of real property without first obtaining judgment against the contractor must be commenced within 12 months from the time the lien shall become due. The initiation of the action against the development authority was not the substitution or change of a party, but was the addition of another defendant to the action, therefore, the initiation of the action against the development authority must be viewed as occurring at the time the development authority was added as a party defendant and not as relating back to the time of the original complaint. *A. H. Robins Co. v. Sullivan,* 136 Ga. App. 533 (221 SE2d 697). The interval between the date upon which the lien became due and the initiation of the action against the development authority being greater than the 12 months period permitted under Code Ann. § 67-2002 (3), supra, the cause of action to foreclose the materialman's lien as against the owner of the property was not timely initiated; and insofar as plaintiff's claim is predicated upon the foreclosure of the materialman's lien summary judgment was proper.

2. Plaintiff's brief is primarily addressed to arguments in support of its contention that the defendants' evidence on summary judgment was not sufficient to pierce its allegations as to an agency relationship between Tanner and defendants. The alleged agency relationship between Tanner and defendants is essential to both of plaintiff's remaining theories including that count of plaintiff's complaint seeking a recovery for the benefit received by defendants from the materials supplied by plaintiff. See in this regard *Poore v. Shelnutt,* 27 Ga. App. 237 (107 SE 597); *G & B Contractors v. Coronet Dev.,* 134 Ga. App. 916 (2) (216 SE2d 705).

" 'The bare assertion or denial of the existence of an agency relationship is a statement of fact when made by one of the purported parties to the relationship; but when made by an outsider, bare assertions or denials are merely conclusions of law.' *Salters v. Pugmire Lincoln-Mercury, Inc.,* 124 Ga. App. 414 (184 SE2d 56);

*Chas. S. Martin Distributing Co. v. Foster,* 140 Ga. App. 12, 13 (230 SE2d 77). 'The affidavit . . . denying the existence of agency must be received as evidence of a fact, which cannot be overcome by conclusionary affidavits . . .' *Oglesby v. Farmers Mut. Exchange,* 128 Ga. App. 387, 390 (196 SE2d 674)." *Brewer v. Southeastern Fidelity Ins. Co.,* 147 Ga. App. 562, 563 (249 SE2d 668). The record contains Tanner's denial of an agency relationship with either of the two defendants. Tanner's affidavit, therefore, must be considered as factual evidence that there was no such agency relationship.

Plaintiff seeks to avoid Tanner's denial of an agency relationship by two means. First, plaintiff argues that Tanner's credibility is in doubt because of the evidence that a statutory affidavit (of the type called for by Code Ann. § 67-2002 et seq.) was false. However, in the light of our reasoning in Division 1, were this case allowed to continue to trial, evidence, as to the falsity of the statutory affidavit, would not be admissible for the purpose of impeaching Tanner as such would be irrelevant to the issues remaining in the case. *E. H. Siler Realty &c. Broker v. Sanderlin,* 158 Ga. App. 796, 798 (1) (282 SE2d 381). Compare *Glo-Ann Plastic Indus. v. Peak Textiles,* 134 Ga. App. 924, 927 (4) (216 SE2d 715).

Plaintiff also asserts that its contention is not that a formal agency agreement existed, but that Tanner's dealings with plaintiff were such as to give rise to a reasonable belief on plaintiff's part that such a relationship existed in fact. However, this argument overlooks the principle that an apparent agency relationship binding upon the principal of the alleged relationship is proven by the principal's conduct in holding out the alleged agent as such. An apparent agency relationship is not proven in an action against a principal solely by proof of the conduct of the alleged agent. *Krofft Dev. Corp. v. Quo Modo, Inc.,* 158 Ga. App. 403 (280 SE2d 368); *Arrington & Blount Ford v. Jinks,* 154 Ga. App. 785, 787 (270 SE2d 27).

Plaintiff's contentions being without merit, we hold that the trial court was correct in granting summary judgment in favor of the defendants.

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED JANUARY 12, 1983.

*Dennis J. Strickland,* Sr., for appellant.
*James D. Hudson, M. Theodore Solomon,* for appellees.