## 66495. HORNE v. CARSWELL.

BANKE, Judge.

On October 19, 1982, appellant Horne filed suit against "Johnson Carswell d/b/a Kar Korner" to recover damages for alleged violations of the federal Consumer Credit Protection Act and the Georgia Motor Vehicle Sales Finance Act arising from her purchase of a motor vehicle from Carswell. On October 26, 1982, Carswell filed his answer, denying liability; and on December 10, 1982, he filed a motion for summary judgment, asserting for the first time that the sale was in fact made by a corporation known as Kar Korner, Inc., rather than by him personally. On December 15, 1982, the appellant moved to amend her complaint to add Kar Korner, Inc., as a defendant. On January 17, 1983, without ruling on the appellant's motion for leave to amend, the trial court granted Carswell's motion for summary judgment on the ground that Carswell was "not a proper

party to this suit and that the real party and (sic) interest should be Kar Korner, Incorporated ..." By its terms, this order did not purport to terminate the litigation entirely but merely to dismiss Carswell as a party, although Carswell was, of course, the sole defendant as of that date. On February 8, 1983, the court denied the plaintiff's motion for leave to amend and dismissed the complaint altogether. On February 15, 1983, within 30 days of both orders, the plaintiff filed her notice of appeal. *Held:*

In order for an additional party to be added to an existing suit by amendment pursuant to OCGA § 9-11-15 (Code Ann. § 81A-115), leave of court must first be sought and obtained pursuant to OCGA § 9-11-21 (Code Ann. § 81A-121). *Clover Realty Co. v. Todd,* 237 Ga. 821 (229 SE2d 649) (1976); *Robinson v. Bomar,* 122 Ga. App. 564 (2) (177 SE2d 815) (1970). Among the factors to be considered by the trial court in determining whether to allow the amendment are whether the new party will be prejudiced thereby and whether the movant has some excuse or justification for having failed to name and serve the new party previously. See generally 3 Moore's Federal Practice, §§ 15.10 [5], 15.15 [4]. Accord, *Cartin v. Boles,* 155 Ga. App. 248, 254 (5) (270 SE2d 799) (1980); *Jenkins v. Chambers,* 127 Ga. App. 200, 202 (2) (193 SE2d 222) (1972).

An amendment adding or changing a party may be allowed even though a separate action by or against that party would be barred by the statute of limitation. Pursuant to OCGA § 9-11-15 (c) (Code Ann. § 81A-115), the amendment relates back to the date of the original suit if the claim against the new party arose out of the "conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading," and if "within the period provided by law for commencing the action against him the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." This court has held that the movant may establish lack of prejudice by showing an "identity of interest" between the old and the new parties and has also held that the party offering the amendment must demonstrate that he or she has not been guilty of inexcusable delay. See *Sam Finley, Inc. v. Interstate Fire Ins. Co.,* 135 Ga. App. 14 (2) (217 SE2d 358) (1975); *Rich's, Inc. v. Snyder,* 134 Ga. App. 889 (216 SE2d 648) (1975); *Unicover, Inc. v. East India Trading Co.,* 154 Ga. App. 161 (1) (267 SE2d 786) (1980).

In the case before us, the issue of the corporation's existence and involvement was not raised by the original defendant, Carswell, until he filed his motion for summary judgment. Although the appellant

responded immediately by moving to add the corporation as a defendant and by directing interrogatories to Carswell to determine his relationship to the corporation, the trial court ruled against her without allowing her an opportunity to obtain responses to these interrogatories. It is clear from the record that Carswell does have at least some connection with the corporation, since in the affidavit he submitted in support of his motion for summary judgment he claimed personal knowledge regarding the corporation's formation, as well as its dealings with the appellant. Furthermore, it appears that the appellant's delay in naming the corporation as a defendant may have been due, at least in part, to Carswell's own delinquency in raising the issue of the corporation's involvement in the transaction. Thus, the appellant may well be able to establish both that this is a proper case for the addition of a new party and that the addition should relate back to the date of the original complaint. Accord, Marks v. Prattco, Inc., 607 F2d 1153 (7) (5th Cir. 1979). For these reasons, the orders of the trial court granting summary judgment to Carswell and denying the plaintiff's motion for leave to amend are hereby vacated, and the case is remanded with direction that the court hold a new hearing on the two motions, after affording the appellant an adequate opportunity to discover evidence which may support the motion in accordance with the principles heretofore stated.

*Judgment vacated and case remanded with direction. Deen, P. J., and Carley, J., concur.*

DECIDED JUNE 29, 1983.

*Laronce Beard,* for appellant.
*Mark L. Wihelmi, Paul H. Dunbar III,* for appellee.