66120. DOVER PLACE APARTMENTS v. A & M PLUMBING & HEATING COMPANY, INC. et al.

CARLEY, Judge.

On February 4, 1978, appellant-plaintiff suffered property damage in a fire which occurred on its premises. Appellant's loss was covered by a policy of insurance issued to it by Cavalier Insurance Company (Cavalier). Appellant submitted a claim for $13,163.40 to Cavalier and was paid $12,913.40 for the insured loss, an amount reflecting the deduction from the claim of the $250 deductible on the policy.

On May 2, 1979, appellant filed suit against appellee A & M Plumbing & Heating Co., Inc., alleging that the fire and the resulting property damage had been caused by its negligence. Appellee-Tuxedo Plumbing and Heating Co., Inc., was subsequently added as a party defendant in the action. Appellant's complaint, as amended, sought to recover $13,163.40 jointly and severally against both appellees, an amount equal to that paid to it by Cavalier on its insurance claim plus the $250 deductible. During subsequent

discovery, appellant disclosed that it had received $12,913.40 from its insurance carrier, that its policy provided for a $250 deductible, and that it had not executed a "loan receipt or other similar type document."

On August 16, 1982, some six months after the applicable four-year statute of limitation would otherwise have run, appellant moved pursuant to OCGA §§ 9-11-15 (Code Ann. § 81A-115), 9-11-17 (Code Ann. § 81A-117) and 9-11-21 (Code Ann. § 81A-121) to amend its complaint so as to join Cavalier, its insurer, as a party plaintiff in the action against appellees. Appellees opposed the motion and the trial court conducted a hearing. The trial court denied appellant's motion but certified its order for immediate review. Appellant's application for an interlocutory appeal was granted in order that we might further delineate for the bench and bar the circumstances in which it is permissible to add a party plaintiff to a pending action after the expiration of the applicable statute of limitation.

OCGA § 9-11-15 (Code Ann. § 81A-115) deals generally with amended and supplemental pleadings. OCGA § 9-11-15 (c) (Code Ann. § 81A-115) provides: "Relation back of amendments. Whenever the claim or defense asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back to the date of the original pleadings if the foregoing provisions are satisfied, and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." While the language of OCGA § 9-11-15 (c) (Code Ann. § 81A-115) "seems to apply only to an amendment as to a defendant, the Section is also applicable to amendments as to plaintiffs and has so been applied by the federal courts and by the courts of this State . . . It is now well settled . . . that relation back occurs both as to the plaintiff and the defendant when the new and old parties have such an identity of interest that it can be assumed, or proved, that relation back is not prejudicial; and that the new 'cause of action' 'arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleadings . . .' provided other requirements are also met. [Cits.] 'Statutes of limitations are designed to ensure that parties are given formal and reasonable notice that a claim is being asserted against them. [OCGA § 9-11-15 (c) (Code Ann. § 81A-115)] is

based on the idea that a party who is notified of litigation concerning a given transaction or occurrence is entitled to no more protection from statutes of limitations than one who is informed of the precise legal description of the right sought to be enforced. If the original pleading gives fair notice of the general fact situation out of which the claim arises, the defendant will not be deprived of any protection which the state statute of limitations was designed to afford him. Being able to take advantage of plaintiff's pleading mistakes is not one of these protections.' [Cit.] 'The Federal Rules have broadened the meaning of the concept of "cause of action," shifting the emphasis from a theory of law as to the cause of action, to the specified conduct of the defendant upon which the plaintiff relies to enforce his claim. And *an amendment which* changes only the legal theory of the action, or *adds another claim arising out of the same transaction or occurrence, will relate back.*' [Cit.]" (Emphasis supplied.) *Gordon v. Gillespie,* 135 Ga. App. 369, 374-375 (217 SE2d 628) (1975).

It is clear that upon the institution of the original suit against them, appellees had notice of the "specified conduct" underlying appellant's initial claim for damages as well as that underlying Cavalier's subsequent subrogation claim. This is true because the "specified conduct" was exactly the same as to both claims, that being appellees' alleged negligence in starting the fire. See *Gordon v. Gillespie,* supra at 375-376. "[T]he question of relation back of the amendment . . . turns on fair notice of the *same general fact situation* from which the claim arises. [Cits.]" (Emphasis supplied.) *Farmers Mut. Exchange v. Dixon,* 146 Ga. App. 663-664 (247 SE2d 124) (1978). "It is apparent that the strict rule of no relation back of the amendment to the time of filing the original complaint because [of] the assertion of a new cause of action is no longer applicable unless the causes of the action are not only different but *arise out of wholly different facts.*" (Emphasis supplied.) *Sam Finley, Inc. v. Interstate Fire Ins. Co.,* 135 Ga. App. 14, 20 (217 SE2d 358) (1975).

Moreover, it appears that subsequent to the institution of the suit, and prior to the running of the statute, appellees had actual notice of the existence of Cavalier's potential subrogation rights as to a portion of the damages being sought by appellant. As noted above, in response to interrogatories, appellant disclosed that its insurer had paid $12,913.40 of the $13,163.40 in damages now being sought from appellees and that no "loan receipt or other similar type document" had been executed. The absence of a "loan receipt or other similar type document" was notice that Cavalier, as an insurer which had paid a claim of its insured, had at least equitable subrogation rights to a portion of the $13,163.40 in damages being sought in the action. "A contract of fire insurance is one of indemnity only. In the absence of

any express provision in the contract as evidenced by the policy, the insurer, upon general principles of equity, is, upon payment to the insured of the amount of the loss payable under the policy, subrogated, to the extent of the amount paid, to the right of the insured against another who may be responsible for the loss. This is an equitable right in the insurer which can be asserted against the person who is responsible to the insurer for the loss only in the right of the insured. [Cit.]" *Fireman's Fund Ins. Co. v. Thomas,* 49 Ga. App. 731, 734 (176 SE 690) (1934). It is abundantly clear that from the answers to the interrogatories, appellees had notice of Cavalier's subrogation interest in appellant's claim alleged in the original complaint. *Farmers Mut. Exchange v. Dixon,* supra. See also *Downs v. Jones,* 140 Ga. App. 752 (231 SE2d 816) (1976), on remand 142 Ga. App. 316 (235 SE2d 760) (1977); Garr v. Clayville, 71 F. R. D. 553, 556 (3) (D. Del. 1976).

Nor does it appear that apellees would in any way be prejudiced by the addition of Cavalier as a party plaintiff. Delay in filing the amendment does not constitute procedural prejudice to appellee. "[I]n and of itself, delay is not enough to warrant the denial of such a motion. It must be shown that to allow the amendment will result in prejudice to the opposite party. [Cits.] 'It should be particularly noted, however, that while laches and unexcused delay may bar a proposed amendment, the mere fact that an amendment is offered late in the case is not enough to bar it if the other party is not prejudiced.' That the amendment might relate back and bar the application of the statute of limitation is not the prejudice referred to in that statement. If this were not so, then any amendment which related back so as to bar the application of the statute of limitation would be prejudicial and the whole purpose of [OCGA § 9-11-15 (c) (Code Ann. § 81A-115)] would be avoided." *Gordon v. Gillespie,* supra at 376-377.

Nor would the addition of Cavalier as a party plaintiff constitute substantive prejudice to appellees. " '[J]oining of the insurance companies as additional parties plaintiff did not change the cause of action in the slightest degree. It did not introduce into the case a new or different cause of action. The cause of action was precisely the same and the same relief was sought against the defendant. The claim both before and after the addition of the insurance companies as parties centered with the same impact around the pivotal question whether the wrongful acts and conduct of the defendant constituted the proximate cause of the fire which damaged the building owned by the original plaintiffs. The joinder of the insurance companies as the real parties plaintiff was proper in the circumstances.' " Link Aviation v. Downs, 325 F2d 613, 615 (D. C. Cir. 1963). See also Kansas

Elec. Power Co. v. Janis, 194 F2d 942 (10th Cir. 1952). "Here, the relationship between [appellant] and [Cavalier, its] subrogated insurer is clearly close. Their respective claims arise out of the same accident and, practically speaking, constitute subparts of the same cause of action." Garr v. Clayville, supra at 558.

In the instant case, "[t]here was no finding by the trial judge that the plaintiff was guilty of laches or unexcused delay in offering the proposed amendment, nor does it appear that he based his judgment thereon." Gordon v. Gillespie, supra at 377. The only statement of the trial court was the following, made at the close of the hearing: "There's just one main point . . . that's all it is." (T-20) Considering the course of the arguments which preceded this statement by the trial court, presumably the "one main point" referred to was that the running of the statute of limitation was a bar to appellant's motion to add Cavalier as a party plaintiff, a legal conclusion "not sustainable under the applicable law as previously demonstrated." Gordon v. Gillespie, supra at 377. "In ruling on the appellant's motion, the trial judge appears to have based his decision not on an exercise of discretion, but on his opinion that, as a matter of law, the amendment was barred by the statute of limitation . . . [T]he actual basis for the ruling does not appear in the order . . ." Downs v. Jones, 142 Ga. App. 317, supra. The statute of limitation was not an automatic bar to appellant's motion, and the sole issue was whether the trial court, in the exercise of its discretion, would allow Cavalier to be added as a party plaintiff. " 'The adding or dropping of parties requires the exercise of a discretion by the court . . .' [Cit.]" Clover Realty Co. v. Todd, 237 Ga. 821, 822 (229 SE2d 649) (1976). " 'Where a ruling of the trial court which is ordinarily one within the sound discretion of the court shows that no discretion was, in fact, exercised, and the judgment rendered is based upon an erroneous view of the law which would preclude the exercise of a discretion, a new trial results.' [Cits.]" Downs v. Jones, supra at 317. "For [this] reason, and [this] reason alone, we reverse the trial judge and remand the case for further hearing and determination, in accordance herewith." Gordon v. Gillespie, supra at 377.

*Judgment reversed and case remanded with direction. Deen, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 7, 1983.

*Edward L. Savell, William E. Turnipseed,* for appellant.
*Eugene O'Brien, Claude E. Hambrick,* for appellees.