73671. BEAVER v. STEINICHEN et al.
(355 SE2d 698)

BIRDSONG, Chief Judge.

Summary judgment was granted to defendants Steinichen, Boehner and Oliver in this medical malpractice case and the plaintiff ap-

peals. *Held*:

Summary judgment was correctly given to these defendants on the grounds the statute of limitations on these actions (OCGA § 9-3-71) had expired. The evidence is not disputed that the plaintiff was last treated by defendant Boehner October 12, 1982, by defendant Oliver October 25, 1982 and by defendant Steinichen October 26, 1982. Plaintiff discovered something was wrong in January 1983, when she discovered that her stitches had not healed properly from the episiotomy done during the birth of her baby in October 1982. She filed a complaint on August 1, 1984 against the hospital but did not attempt to add the appellee defendants Boehner and Steinichen and Oliver to her complaint until after the hospital had answered and placed all blame for negligence upon the appellees. Steinichen and Boehner she added on November 2, 1984 and Oliver on December 5, 1984. Thus, none of these defendants was sued until more than two years after any of them last had contact with her. Even if she had raised below any question of fraud tolling the statute of limitations (and she did not) and even if there were any evidence of fraud to create an issue of fact (and there was not), by her own admission she discovered her alleged injury in January 1983, and there is no intimation the appellees prevented her from filing suit at that or any other time thereafter; thus the running of the statute was not tolled under any construction.

Her case is not saved by her belated attempt to escape the running of the statute by adding the appellees by amendment without leave of court (see *Robinson v. Bomar*, 122 Ga. App. 564 (2) (177 SE2d 815)), and then having the trial court, on December 17, 1984 issue an order "relating back" these amendments (as to Steinichen and Boehner) to the date of the complaint. The amendments to add these parties do not relate back to the original suit under OCGA § 9-11-15 (c) because they are not a change of parties but amount to the commencement of the action as to new defendants (*A. H. Robins Co. v. Sullivan*, 136 Ga. App. 533, 534-536 (221 SE2d 697)), which, being done outside the statute of limitations, comes too late. Moreover, even a "change" of defendant can relate back under OCGA § 9-11-15 (c) only "if within the period provided by law for commencing the action against him the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." This language negatives any idea that the provisions can be used to add parties who are altogether strangers to the action (id. p. 535) or that by "relating back" that addition, the plaintiff can escape an expired limitation. The trial court correctly rendered summary judg-

ment in the case; it is not necessary to consider the sufficiency of the plaintiff's expert affidavit.

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED MARCH 10, 1987 —
REHEARING DENIED MARCH 24, 1987.

*William J. Sussman*, for appellant.
*Patricia W. Booker, Gould B. Hagler, W. Allen Evans*, for appellees.