## 75222. ROSE v. KOSILLA.
(363 SE2d 623)

BENHAM, Judge.

On March 1, 1985, appellant Rose filed suit against appellee Kosilla, seeking damages for injuries appellant allegedly suffered as a result of an automobile collision with appellee on March 2, 1983. On June 17, 1985, in support of a motion for service by publication (OCGA § 9-11-4 (e)), appellant's attorney filed an affidavit averring that appellee could not be found in Georgia. Appellee's insurance carrier was notified of the lawsuit on September 4, 1985. On October 28, 1985, contending that service by publication was unconstitutional in tort actions, appellee filed both an answer contesting the sufficiency of service of process and a motion to dismiss appellant's complaint. Appellant sought to amend her complaint on June 27, 1986, to add her uninsured motorist carrier as a defendant. OCGA §§ 9-11-15 (a); 33-7-11 (e). In separate orders issued on the same day, the trial court granted appellee's motion to dismiss and denied the motion to add a defendant, finding it to be without merit since the underlying case had been dismissed.

1. "Because notice by publication is a notoriously unreliable means of actually informing interested parties about pending suits, the constitutional prerequisite for allowing such service when the addresses of those parties are unknown is a showing that reasonable diligence has been exercised in attempting to ascertain their whereabouts. [Cits.] . . . [I]t is the duty of the courts to determine whether the movant [for publication service] has exercised due diligence in pursuing every reasonably available channel of information . . . [A]lthough it is the trial court which first passes upon the legality of notice, the appellate courts must independently decide whether under the facts of each case the search for the absentee interested party was legally adequate[.] [Cit.] . . ." Abba Gana v. Abba Gana, 251 Ga. 340, 343 (304 SE2d 909) (1983). In order to determine whether appellant fulfilled the constitutional requirement of exercising reasonable diligence in attempting to locate and personally serve appellee, we must focus on appellant's efforts prior to June 1985, when she moved for constructive service. Id. at 346.

In an affidavit submitted in support of the motion for service by publication, appellant's counsel avers that "[t]he Sheriffs of Fulton County and Clayton County have attempted service upon Defendant and Defendant cannot after due diligence be found within the State of Georgia." However, the record contains no evidence of unsuccessful attempts to personally serve appellee that support the hearsay conclusions set forth in the affidavit in support of constructive service. See Gaddis v. Dyer Lumber Co., 168 Ga. App. 334, 335 (308 SE2d 852) (1983). A Fulton County deputy sheriff executed an affidavit on

June 3, 1986, recounting his attempts to personally serve appellee. However, the efforts related by the deputy took place during April and May 1986, nearly a year after appellant had sought service by publication, and therefore are not evidence of appellant's reasonable diligence in attempting to locate and personally serve appellee before seeking constructive service. In short, the record contains no evidence that appellant exercised reasonable diligence in attempting to serve appellee personally before she sought service by publication. See *Abba Gana v. Abba Gana*, supra. Furthermore, there is no evidence of record that appellee, with actual knowledge of the pending lawsuit, evaded the process server by secreting himself within the state. Compare *Melton v. Johnson*, 242 Ga. 400 (249 SE2d 82) (1978). Inasmuch as there was no valid service or a waiver of such service, the trial court had no jurisdiction over appellee's person and correctly dismissed the complaint. *Gaddis v. Dyer Lumber Co.*, supra.

2. Appellant next contends that the trial court erred in failing to allow her to add the uninsured motorist carrier as a party defendant. In reviewing the trial court's action, we put to the side the fact that the cause of action to which appellant sought to add a party was no longer viable when the trial court ruled on the motion to add a party. Instead, we focus on the merits of appellant's request.

Appellant's motion to add a party was filed June 27, 1986, 15 months after the expiration of the two-year statute of limitation applicable to personal injury actions. See OCGA § 9-3-33. However, the relation-back feature of OCGA § 9-11-15 (c) allows an amendment adding a party even though a separate action against that party would be barred by the statute of limitation. *Horne v. Carswell*, 167 Ga. App. 229, 230 (306 SE2d 94) (1983). Such an amendment relates back to the date of the original pleadings if: (1) the claim asserted in the amendment arises out of the conduct, transaction, or occurrence set forth in the original pleading; (2) the party sought to be added has received during the period of limitation such notice of the institution of the action that he will not be prejudiced in maintaining a defense on the merits; and (3) the party sought to be added knew or should have known during the period of limitation that, but for a mistake concerning the identity of the proper party, the action would have been brought against it. OCGA § 9-11-15 (c); *Dover Place Apts. v. A & M Plumbing &c. Co.*, 167 Ga. App. 732, 733 (307 SE2d 530) (1983). While it is undisputed that the first condition of OCGA § 9-11-15 (c) has been met, there is no evidence that the party sought to be added was aware of the institution of appellant's action during the period of limitation. In point of fact, there is nothing in the record to reflect that appellant's insurance company has ever been made aware of the pendency of appellant's action. The conditions of OCGA § 9-11-15 (c) not having been met, appellant's proffered amended plead-

ing did not relate back to the date of the filing of the original complaint and was therefore properly denied.

*Judgment affirmed. Banke, P. J., and Carley, J., concur.*

DECIDED DECEMBER 4, 1987.

*Alvin N. Siegel, Fred F. Filsoof,* for appellant.
*James S. Strawinski, Milton B. Satcher III,* for appellee.