## 75632. COBB v. STEPHENS.
(368 SE2d 341)

CARLEY, Judge.

On September 9, 1983, the son of appellee-plaintiff was struck and killed by an automobile which was being driven by Ms. Robin Bozeman. Appellant-defendant owned the vehicle, but he had pur-

chased it for his daughter's use. Appellant's daughter, who was a passenger at the time of the incident, had given Ms. Bozeman permission to drive the car. On March 30, 1984, appellee commenced this wrongful death action against Ms. Bozeman only. On August 10, 1984, while taking the depositions of Ms. Bozeman and of appellant's daughter, appellee discovered appellant's ownership of the vehicle.

It was not until July 17, 1985, however, that appellee moved for leave to amend the complaint by adding appellant as a defendant. See OCGA § 9-11-21. The trial court granted that motion on August 27, 1985. However, it was not until September 10, 1985, one day past the expiration of the limitations period, that appellee actually filed her amendment adding appellant as a defendant. Appellant subsequently moved for summary judgment contending that the amendment should not relate back to the commencement of the action and that appellee's claim against him was thus barred by the statute of limitations. The trial court denied appellant's motion, finding that appellant had not met his burden of proof, as the movant, to show that the amendment adding him as a party defendant should not relate back. See OCGA § 9-11-15 (c). However, the trial court certified its order for immediate review. This appeal results from this court's grant of appellant's motion for an interlocutory appeal from the denial of his motion for summary judgment.

Appellee sought to add appellant as a party defendant to the action rather than to change the original party defendant in the action from Ms. Bozeman to appellant. However, the law in this regard is clear: " 'Although [OCGA § 9-11-15 (c)] refers to "an amendment changing the party" it has properly been held to sanction relation back of amendments which *add* or drop parties, as well as those substituting new parties for those earlier joined.' " (Emphasis supplied.) *Sam Finley, Inc. v. Interstate Fire Ins. Co.*, 135 Ga. App. 14, 17 (2) (217 SE2d 358) (1975).

Despite contentions to the contrary, this *broad* interpretation of the *ambit* of OCGA § 9-11-15 (c) as authority to add, as well as to change, parties has been consistently followed. The cases subsequent to *Sam Finley, Inc.*, have, however, established a requirement that there be a *strict* adherence to the *letter* of OCGA § 9-11-15 (c) by the one who would rely upon it as authority for the addition of a new party to an existing action. In *A. H. Robins Co. v. Sullivan*, 136 Ga. App. 533 (221 SE2d 697) (1975), this court held that OCGA § 9-11-15 (c) may authorize the addition of a new party defendant and a relation back as to that new defendant, *but only* if the three elements which are specifically enumerated in that provision have first been satisfied. Those three elements are: (1) That the amendment adding the new defendant arise out of the same facts as the original complaint; (2) That the new defendant had sufficient notice of the action;

and, (3) That the new defendant knew or should have known that, but for a mistake concerning his identity as a proper party, the action would have been brought against him. The plaintiff in *A. H. Robins Co.* had sought to add a defendant under circumstances which would have satisfied the first element of OCGA § 9-11-15 (c), but not the second or the third element. This court held that *all* three elements of OCGA § 9-11-15 (c) must be satisfied if the original pleadings are to relate back as to a new defendant who is added by amendment: "We do not believe that the addition of parties who are *altogether strangers to the original suit, insofar as notice and knowledge thereof* [are concerned], was intended to be encompassed within the word 'changing.' [Cits.]" (Emphasis supplied.) *A. H. Robins Co. v. Sullivan*, supra at 535. Clearly, the import of this holding is that the addition of parties who have an involvement in the same set of facts which gave rise to the original complaint and who are also *not* "altogether strangers to the original suit, insofar as notice and knowledge thereof [are concerned]," *would* be authorized under OCGA § 9-11-15 (c). Thus, *A. H. Robins Co.* merely employs a strict construction as to compliance with the statutory mandate and is entirely consistent with this court's earlier recognition in *Sam Finley, Inc.*, supra, of the broad statutory ambit which can exist upon that compliance.

This court's consistent adherence to a strict statutory construction of OCGA § 9-11-15 (c) should not be misconstrued as an inconsistent line of authority. The only difference between the *A. H. Robins Co.* and the *Sam Finley, Inc.* decisions is that, in the former case, the amendment to add a defendant did *not*, as a matter of law, satisfy the first element of OCGA § 9-11-15 (c), whereas, in the latter case, the amendment to add a defendant *did* satisfy that first element. Similarly, such cases as *Coley Elec. Supply v. Colonial Eggs of Alma*, 165 Ga. App. 108 (1) (299 SE2d 165) (1983) and *Beaver v. Steinichen*, 182 Ga. App. 303 (355 SE2d 698) (1987), are simply cases wherein all of the necessary elements of OCGA § 9-11-15 (c) for the addition of a new party were *not* satisfied. Other cases, such as *Dover Place Apts. v. A & M Plumbing &c. Co.*, 167 Ga. App. 732 (307 SE2d 530) (1983) and *Bil-Jax, Inc. v. Scott*, 183 Ga. App. 516 (359 SE2d 362) (1987), are simply cases wherein all of the statutory elements for the addition of a new party *were* satisfied. Thus, rather than an inconsistent line of authority, there is really only a single line of cases which has followed a strict but consistent interpretation of OCGA § 9-11-15 (c) as statutory authority for *adding* new parties to existing actions. What are, in fact, the necessarily different results of having followed a consistent but strict interpretation of OCGA § 9-11-15 (c) should not be misconstrued as inconsistent holdings. Accordingly, the issue to be determined is where the present case fits within the heretofore unbroken line of authority.

Undoubtedly, appellee may encounter some difficulty in showing that appellant had sufficient notice of the pending action and the requisite knowledge of appellee's mistake with regard to appellant's identity as a proper party defendant so that, pursuant to OCGA § 9-11-15 (c), the amendment adding appellant as a defendant should "relate back" to the institution of the action. See generally *Bil-Jax, Inc. v. Scott*, supra. However, on the present motion for summary judgment, the evidentiary burden as to these issues was upon appellant as the movant. See generally *Maelstrom Properties v. Holden*, 158 Ga. App. 345 (280 SE2d 383) (1981). Upon our review of the record, we find that, when the evidence is construed most strongly against appellant, he has not met his burden of showing the inapplicability of OCGA § 9-11-15 (c) and, therefore, the burden never shifted to appellee to show the applicability of that statute. See generally *Maelstrom Properties v. Holden*, supra; *Sam Finley, Inc. v. Interstate Fire Ins. Co.*, supra. Compare *Hall v. Hatcher Sales Co.*, 149 Ga. App. 133 (2) (253 SE2d 812) (1979). Accordingly, the denial of appellant's motion for summary judgment on the existing record is affirmed.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur. Birdsong, C. J., Banke, P. J., Pope, Benham, and Beasley, JJ., concur and also concur specially. Deen, P. J., dissents.*

BANKE, Presiding Judge, concurring specially.

I agree with all that is stated in the majority decision but wish to add a few additional observations.

Like the federal rule on which it is modeled, "the aim of the relation back rule . . . contained in [Section 15 (c) of the Georgia Civil Practice Act] is to ameliorate the impact of the statute of limitation. See Wright & Miller, Federal Practice and Procedure: Civil § 1496." *Rich's, Inc. v. Snyder*, 134 Ga. App. 889, 892-893 (216 SE2d 648) (1975). "A narrow technical reading of this Code section would defeat the purposes for which it was designed." Id.

To read the statute as qualifiedly permitting the relation back of an amendment seeking to *substitute* an entirely new defendant for an existing one but as categorically prohibiting the relation back of an amendment seeking to *add* the same new defendant alongside an existing one would be to construe it so narrowly as to create an irrational distinction. The statute by its terms refers to amendments "changing the party against whom a claim is asserted. . . ." It places no undue strain upon this language to read it as encompassing amendments changing "the parties" as well as "the party" against whom a claim is asserted, for it is an axiom of statutory interpretation that "[t]he singular or plural number each indicates the other, unless the other is expressly excluded." OCGA § 1-3-1 (d) (6). Indeed, this court has previously interpreted the language in question as encom-

passing amendments seeking to add new *plaintiffs* as well as amendments seeking to add new defendants. See *Gordon v. Gillespie*, 135 Ga. App. 369, 374-375 (217 SE2d 628) (1975).

The interpretation of the statute which we today reaffirm has been consistently followed by the federal judiciary in its interpretation of Rule 15 (c) of the Federal Rules of Civil Procedure. See generally 1 Moore's Fed. Prac., Par. 15.15 [4], and cases cited therein. While such cases as *A. H. Robins Co. v. Sullivan*, 136 Ga. App. 533 (221 SE2d 697) (1975), and *Beaver v. Steinichen*, 182 Ga. App. 303 (355 SE2d 698) (1987), do appear to favor a more restrictive interpretation, it is apparent for the reasons so aptly expressed in the majority opinion that the relation back requirements set forth in the statute were simply not met in those cases. Thus, the result reached in those cases would have obtained even under the more expansive interpretation of the statute which we have previously followed in such cases as *Sam Finley, Inc. v. Interstate Fire Ins. Co.*, 135 Ga. App. 14 (2) (217 SE2d 358) (1975); *Gordon v. Gillespie*, 135 Ga. App. 369, supra; *Maelstrom Properties v. Holden*, 158 Ga. App. 345 (280 SE2d 383) (1981); *Horne v. Carswell*, 167 Ga. App. 229 (306 SE2d 94) (1983); *Dover Place Apts. v. A & M Plumbing &c. Co.*, 167 Ga. App. 732 (307 SE2d 530) (1983); *Bil-Jax, Inc. v. Scott*, 183 Ga. App. 516 (359 SE2d 362) (1987); and *Rose v. Kosilla*, 185 Ga. App. 217 (363 SE2d 623) (1987).

The decision in *A. H. Robins Co. v. Sullivan*, supra, is additionally distinguishable for another important reason — that case did not involve the relation back of an amendment for statute-of-limitation purposes. The defendant sought to be added there was already a defendant in an existing action brought by the same plaintiff on the same claim in another county, and the plaintiff was attempting to utilize the relation-back feature of Section 15 (c) to obviate a "prior pending action" defense which the defendant had asserted in the second action pursuant to former Code Ann. § 3-601 (current OCGA § 9-2-5 (a)). Quite obviously, the legislature never contemplated that Section 15 (c) would be used for such a purpose.

Having been offered neither reason nor authority to do otherwise, I concur fully in our adherence to the extensive body of state and federal authority holding that an amendment seeking to add a new defendant to an existing action may relate back for statute-of-limitation purposes to the date of the filing of the complaint, provided the requirements set forth in the statute are shown to have been met.

I am authorized to state that Chief Judge Birdsong, Judge Pope, Judge Benham and Judge Beasley join in this special concurrence.

DEEN, Presiding Judge, dissenting.

If ever a case demonstrated that justice is blind, this is it, consid-

ering the majority opinion's denial of the apparent conflict of authority on the issue of relation back of amendments adding a party. Perhaps the majority opinion considers it "the prerogative of a lofty mind not only to enlighten by its wisdom but to enslave by its authority." *McLin v. Harvey*, 8 Ga. App. 360, 363 (69 SE 123) (1910). When conflicting lines of authority exist, the ball is in our court to call time and rectify our mistakes.

That this court has applied conflicting rules with regard to the relation back of amendments changing and adding parties, there would appear to be no doubt. Admittedly, in most cases this court has applied the relation back provision of OCGA § 9-11-15 (c) to amendments adding a party. See *Sam Finley, Inc. v. Interstate Fire Ins. Co.*, 135 Ga. App. 14 (217 SE2d 358) (1975); *Maelstrom Properties v. Holden*, 158 Ga. App. 345 (280 SE2d 383) (1981); *Horne v. Carswell*, 167 Ga. App. 229 (306 SE2d 94) (1983); *Dover Place Apts. v. A & M Plumbing &c. Co.*, 167 Ga. App. 732 (307 SE2d 530) (1983); *Bil-Jax, Inc. v. Scott*, 183 Ga. App. 516 (359 SE2d 362) (1987); *Rose v. Kosilla*, 185 Ga. App. 217 (363 SE2d 623) (1987).

However, in *A. H. Robins Co. v. Sullivan*, 136 Ga. App. 533 (221 SE2d 697) (1975), this court held that the addition of a new party who is altogether a stranger to the original suit is not contemplated by the relation back provision of OCGA § 9-11-15 (c). In *Coley Elec. Supply v. Colonial Eggs of Alma*, 165 Ga. App. 108, 109 (299 SE2d 165) (1983), this court found that the amendment adding "the development authority was not the substitution or change of a party, but was the addition of another defendant to the action, therefore, the initiation of the action against the development authority must be viewed as occurring at the time the development authority was added as a party defendant and not as relating back to the time of the original complaint." Further, in *Beaver v. Steinichen*, 182 Ga. App. 303, 304 (355 SE2d 698) (1987), this court held that "[t]he amendments to add these parties do not relate back to the original suit under OCGA § 9-11-15 (c) because they are not a change of parties but amount to the commencement of the action as to new defendants . . ."

By a strained and contorted reading of *A. H. Robins*, the majority opinion is able to jerk that case back in line with the cases that apply the relation back provision to amendments adding parties. The majority opinion similarly attempts to explain away *Coley Elec. Supply v. Colonial Eggs of Alma* and *Beaver v. Steinichen*, by describing them as "simply cases wherein all of the necessary elements of OCGA § 9-11-15 (c) for the addition of a new party were not satisfied." In reality, however, those preconditions for relating back had absolutely no bearing in either case, and one has only to read the cases to discern that.

The majority opinion's evolving esoteric equation or Orwellian

observation that no conflict ever existed in the above cases is an efficacious disposition of a problem, but is factually faulty and falls flat as a false premise. This court no doubt has committed its share of errors during the eighty-one years of its existence. That fact is unfortunate and unavoidable, but most of the time in the past this court has acknowledged its mistakes and eaten crow for dessert. See *Howard v. Superior Contractors*, 180 Ga. App. 68, 72 (348 SE2d 563) (1986). It appears here that the majority opinion has forged a new method: state the rule it prefers and deny the existence of any conflict.

The majority opinion also professes to employ a strict statutory construction of OCGA § 9-11-15 (c). However, only by an ultra liberal construction is OCGA § 9-11-15 (c) applicable to amendments adding a party. That Code section provides that "[a]n amendment changing the party against whom a claim is asserted relates back to the date of the original pleadings if the foregoing provisions are satisfied, and if within the period provided by law for commencing the action against him the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." Strictly read, that section applies only to amendments changing a party. The preconditions for relating back are relevant only where the amendment seeks to change a party. To include "adding a party" within the meaning of "changing the party" goes beyond strict statutory construction; it inappropriately assimilates the two terms.

I note that in other respects the Code and case law have treated amendments adding parties differently from amendments changing parties. Before a party may be added by amendment, for example, leave of court must be granted. OCGA § 9-11-21. The trial court may disallow such an amendment, even though the limitations period has not expired, if the additional party would be prejudiced thereby or if the delay in naming the additional party is inexcusable. *Aircraft Radio Systems v. Von Schlegell*, 168 Ga. App. 109 (308 SE2d 211) (1983). Amendments changing a party, however, may be filed without leave of court at any time before entry of a pretrial order. OCGA §§ 9-11-15 (a), (c). See *Larson v. C. W. Matthews Contracting Co.*, 182 Ga. App. 356, 357 (1) (356 SE2d 35) (1987), wherein this particular distinction prompted Judge Benham to note that "[t]he substitution or change of a party differs from the addition or deletion of a party." This distinction between amendments adding parties and amendments changing parties indicates a less open policy in allowing the former. Perhaps this more restrictive policy is based on a general concern over the relative fairness of allowing a party to bring in another

party (in addition to the original parties) who could have been named originally, compared to situations where an amendment seeks a change to bring in the correct party. Whatever the basis for distinction, however, the legislature differentiated these two types of amendments, and this court has incorrectly removed that difference.

In summary, OCGA § 9-11-15 (c) by its own terms applies to amendments changing a party, and not to amendments adding a party. The cases applying this Code section are conflicting. I would follow the Code section and the case law holding that amendments adding a party do not relate back to the filing of the complaint, and overrule the above-cited cases that hold the contrary.

DECIDED MARCH 18, 1988 —
REHEARING DENIED MARCH 31, 1988 —

*Richard W. Fields*, for appellant.
*James M. Collier, Samuel W. Worthington III*, for appellee.