### 71422. MAITLEN v. DERST et al.
(342 SE2d 777)

BEASLEY, Judge.

In March of 1976, Darrell Maitlen filed suit against five named defendants alleging that they had acted in bad faith with respect to management of a corporation formed by plaintiff and defendants and had deprived him of his interest in the corporation. Paragraph 10 of the complaint alleged simply that plaintiff's wife Dorothy Maitlen worked for the defendant corporation. Otherwise nothing else was alleged in regard to her. Defendants answered and for an interval of over seven years only discovery took place. That discovery was fairly extensive and of course it was cast in, and focused on, only the claim of Darrell Maitlen.

In September 1983 plaintiff amended his complaint and named Dorothy as another plaintiff. However, the amended complaint set forth no basis for her to recover from the defendants and only prayed for damages for acts committed against plaintiff Darrell Maitlen.

Defendants promptly filed a motion to dismiss Dorothy as a party plaintiff on the grounds they were given no notice of the intent to add an additional party and there was no order of the court allowing the addition of Dorothy as a party plaintiff, as is required by OCGA § 9-11-21. Plaintiff then filed a motion to amend the complaint

and add Dorothy as a party, stating that Dorothy was Darrell's lawful wife; Dorothy was set forth as a damaged party in plaintiff's answers to defendant's interrogatories;[1] plaintiff's wife had suffered damages as a result of the same action complained of by plaintiff in this lawsuit. Attached to the motion was the proposed amended complaint which was a duplicate of the prior amendment, naming Dorothy as plaintiff but failing to enumerate the acts which damaged her in particular.

The trial court provisionally and informally allowed the amendment subject to objections of defendants, who thereafter registered their objection by the vehicle of a motion for summary judgment as to Dorothy. At a hearing, the court took cognizance of this motion as defendants' timely objection to her addition as a plaintiff and considered whether or not she should be allowed as, or to proceed as, a party defendant. The court pointed out that summary judgment was appropriate in that Dorothy was deemed to have become a party under the provisional unsigned but intended order but defendants might "raise any objections to her remaining a party that might have been raised to her becoming a party."[2] The court then concluded that Dorothy's claim was barred by laches based on detailed findings with regard to the long delay and prejudice to the defendants. From the grant of this motion, Dorothy appealed.

Although amendments may be had as a matter of right before entry of a pretrial order, OCGA § 9-11-15 (a), where a party seeks to add a new party by amendment, OCGA § 9-11-21 requires the exercise of discretion by the trial court and thus "leave of the court." *Clover Realty Co. v. Todd*, 237 Ga. 821, 822 (229 SE2d 649) (1976). By itself delay is insufficient to deny the addition of a party but laches and unexcused delay may bar a proposed amendment. *Dover Place Apts. v. A & M Plumbing &c. Co.*, 167 Ga. App. 732, 735 (307 SE2d 530) (1983).

Two important legal precepts are controlling here. 1) "The burden is on the party seeking amendment to show lack of laches or lack of unexcusable delay." *Gordon v. Gillespie*, 135 Ga. App. 369, 377

---

[1] The interrogatories revealed that Dorothy was hired by Darrell, worked 8 hours per day from 1971 to 1976 and was not paid until 1974 when she received $200 per month. However, "babysitting" fees were paid prior to 1974.

[2] This rather unorthodox manner of dealing with a motion to add a party gave her the dubious right to appeal as a "provisional" plaintiff against whom summary judgment was granted. Ordinarily, the objections of defendants would be ruled on in a hearing on the motion to add a party plaintiff, and a denial of the motion would be appealed by the original plaintiff-movant. Now there is summary judgment against Dorothy, which precludes her own separate breach of contract suit for the lost wages she seeks, but she would probably face a statute of limitations hurdle anyway. OCGA §§ 9-3-22; 9-3-26. That may explain the effort to join her claim with the timely one instituted by her husband, since amendments may be deemed to relate back, OCGA § 9-11-15 (c).

(217 SE2d 628) (1975). 2) The trial court's exercise of discretion will not be disturbed without a showing of abuse. *Mulkey v. Gen. Motors Corp.*, 164 Ga. App. 752, 754 (3) (299 SE2d 48) (1982), reversed on other grounds, *Andean Motor Co. v. Mulkey*, 251 Ga. 32 (302 SE2d 550) (1983).

Here, where the suit had been pending and active for over seven years and the party to be added knew of it (as did the party seeking her addition), and as the new party was asserting an independent claim and offered no justification for delaying entry into the lawsuit, the court was authorized in its discretion to disallow it. That it is a discretionary matter is settled. *Downs v. Jones*, 142 Ga. App. 316, 317 (2) (235 SE2d 760) (1977); *Aircraft Radio Systems v. Von Schlegell*, 168 Ga. App. 109, 111 (2) (308 SE2d 211) (1983).

*Judgment affirmed. Deen, P. J., and Pope, J., concur.*

DECIDED MARCH 18, 1986.

*Richard H. Middleton, Jr., Eugene C. Brooks IV, Thomas J. Anton*, for appellant.

*John F. M. Ranitz, Jr.*, for appellees.