77727. TRILLIUM NURSING HOME, INC. v. THEBAUT et al.
(375 SE2d 888)

DEEN, Presiding Judge.

Bartola Thebaut, by and through his next friend, Dorothy Twilley, brought a medical malpractice action against Sky Ranch Rest Home, d/b/a Sky Ranch Nursing Home, and Joe S. Cruise, which was filed on August 7, 1985, in Fulton County Superior Court. On August 20, 1985, the plaintiffs sought to amend the complaint, seeking to add "Trillium Nursing Home, Inc., d/b/a Sky Ranch Nursing Home and Matthew C. Dempsey, president, individually and as chief administrator of defendants Sky Ranch Nursing Home." The complaint was also amended to delete "Sky Ranch Rest Home, Inc., d/b/a Sky Ranch Nursing Home" in its stead. On September 19, 1985, Trillium and Dempsey filed a joint answer, making a special appearance and not consenting to or waiving jurisdiction. On October 4, 1985, the plaintiffs dismissed "Sky Ranch Rest Home Inc., d/b/a Sky Ranch Nursing Home" as a party defendant. The court did not enter an order allowing the proposed amendment to change the parties until June 23, 1986, some eight months after the statute of limitations had run. On December 31, 1987, the court denied the defendants' motion to dismiss the complaint, finding that they were added as parties on June 23, 1986. This court granted appellant's petition seeking an interlocutory appeal. *Held*:

*A. H. Robins Co. v. Sullivan*, 136 Ga. App. 533 (221 SE2d 697) (1975), holds that OCGA § 9-11-15 (c), permits an amendment chang-

ing the parties to relate back to the date of filing the original petition provided that the amendment arises out of the same facts as the original complaint, that the new defendant has sufficient notice of the action, and that he knew or should have known that, but for a mistake concerning his identity as a proper party, the action would have been brought against him. *Cobb v. Stephens*, 186 Ga. App. 648, 649 (368 SE2d 341) (1988). All the above requirements have been met in the instant case.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED NOVEMBER 29, 1988.

*Nall, Miller, Owens, Hocutt & Howard, Robert L. Goldstucker,* for appellant.

*James A. Goldstein, Long Weinberg, Ansley & Wheeler, Robert D. Roll,* for appellees.