A89A1549. ROBINSON v. PIGGLY WIGGLY OF CALHOUN, INC.
(388 SE2d 754)

Pope, Judge.

Appellant-plaintiff Robinson appeals the trial court's order denying her leave to amend her complaint, granting appellee-defendant Piggly Wiggly of Calhoun, Inc.'s motion for summary judgment and dismissing the action. Robinson slipped and fell in the Piggly Wiggly in Bremen. Shortly before the running of the statute of limitation, she brought this action for negligence against defendant Piggly Wiggly of Calhoun, Inc. (hereinafter PWC, Inc.). PWC, Inc., answered, admitting that plaintiff fell "while in the premises of defendant," but denying negligence. Four months later, PWC, Inc., amended its answer and denied that it owned the Piggly Wiggly in Bremen and showed that the store was operated instead by T-B Foods, Inc., a separate corporation from defendant. Plaintiff immediately served the registered agent for T-B Foods, Inc., with a copy of the complaint, but failed to move the court to allow the addition or substitution of T-B Foods, Inc., to the action. In February, both PWC, Inc., and T-B Foods, Inc., moved to dismiss, or in the alternative, for summary judgment. Its supporting affidavits showed that PWC, Inc., provided "buying, bookkeeping, management and marketing services to several grocery stores in the North Georgia area operating under the name Piggly Wiggly," and further denied operation or ownership of the store in Bremen. Merrill Dobbs averred that he was president of T-B Foods, Inc., and that it owned and operated the Bremen store. The trial court granted defendants' motions and plaintiff appeals. *Held*:

Plaintiff argues that the trial court should have allowed the amendment pursuant to OCGA § 9-11-15 (c). Apparently, plaintiff delayed seeking leave of court to amend to add T-B Foods, Inc., because she mistakenly believed that she could amend her pleadings without leave of court anytime prior to entry of a pre-trial order. "Although amendments may be had as a matter of right before entry of a pretrial order, OCGA § 9-11-15 (a), where a party seeks to add a new party by amendment, OCGA § 9-11-21 requires the exercise of discretion by the trial court and thus 'leave of the court.' *Clover Realty Co. v. Todd*, 237 Ga. 821, 822 (229 SE2d 649) (1976). By itself delay is insufficient to deny the addition of a party but laches and unexcused delay may bar a proposed amendment. *Dover Place Apts. v. A & M Plumbing &c. Co.*, 167 Ga. App. 732, 735 (307 SE2d 530) (1983)." *Maitlen v. Derst*, 178 Ga. App. 305, 306 (342 SE2d 777) (1986).

"In *A. H. Robins Co. v. Sullivan*, 136 Ga. App. 533 (221 SE2d 697) (1975), this court held that OCGA § 9-11-15 (c) may authorize the addition of a new party defendant and a relation back as to that new defendant, but only if the three elements which are specifically enumerated in that provision have first been satisfied. Those three elements are: (1) That the amendment adding the new defendant arise out of the same facts as the original complaint; (2) That the new defendant had sufficient notice of the action; and (3) That the new defendant knew or should have known that, but for a mistake concerning his identity as a proper party, the action would have been brought against him. The plaintiff in *A. H. Robins Co.* had sought to add a defendant under circumstances which would have satisfied the first element of OCGA § 9-11-15 (c), but not the second or the third element. This court held that all three elements of OCGA § 9-11-15 (c) must be satisfied if the original pleadings are to relate back as to a new defendant who is added by amendment: 'We do not believe that the addition of parties who are altogether strangers to the original suit, insofar as notice and knowledge thereof (are concerned), was intended to be encompassed within the word "changing." (Cits.)' . . . *A. H. Robins Co. v. Sullivan*, supra at 535. Clearly, the import of this holding is that the addition of parties who have an involvement in the same set of facts which gave rise to the original complaint and who are also not 'altogether strangers to the original suit, insofar as notice and knowledge thereof (are concerned),' would be authorized under OCGA § 9-11-15 (c)." (Emphasis omitted.) *Cobb v. Stephens*, 186 Ga. App. 648, 648-649 (368 SE2d 341) (1988).

In examining the record before us, we find that the original summons was served on Merrill Dobbs as agent for PWC, Inc. Merrill Dobbs is also president of T-B Foods, Inc., the corporation that owned the store in which plaintiff fell. Thus, from the date of original service on May 25, 1988, T-B Foods, Inc., through its president, had actual notice of the action. It is curious that defendant PWC, Inc., would answer in June admitting ownership of the premises and not amend stating that T-B Foods, Inc., was the true owner until four months later. It appears that the three-pronged test of *A. H. Robins Co.*, supra, has been met in this case: (1) the amendment adding T-B Foods, Inc., arose from the same facts as the original complaint; (2) T-B Foods, Inc., through its president, had sufficient notice of the action through service of the complaint on him as agent for PWC, Inc.; and (3) T-B Foods, Inc., through its president, Dobbs, knew or should have known that, but for a mistake concerning its identity as a proper party, the action would have been brought against it. Plaintiff perfected service on T-B Foods, Inc., as soon as she learned of its identity, but before seeking leave to amend. The trial court denied the motion to amend solely on the fact that four months passed be-

tween the time plaintiff learned of T-B Foods, Inc., and the date of the motion. However, as stated above, mere delay is not sufficient to deny the motion.

The line of cases cited to us by appellee deals with attempts to add a stranger in which no service existed on the corporation to be added. Neither situation is applicable here. PWC, Inc., and T-B Foods, Inc., are closely intertwined. It took PWC, Inc., four months to determine that it did not own the store in question in spite of the fact that Dobbs, president of T-B Foods, Inc., received service of the complaint as agent for PWC, Inc. We find that the trial court erred in denying plaintiff's motion to amend to add T-B Foods, Inc. The situation is analogous to that in *Rich's, Inc. v. Snyder*, 134 Ga. App. 889 (216 SE2d 648) (1975), in which this court allowed amendment substituting Rich's for Richway, Inc., upon finding that the registered agent for service for both corporations was the same and that the liability carrier for Rich's was on notice regarding the incident already.

Our decision has the following effect. Summary judgment for PWC, Inc., was correct as it demonstrated that it was not the proper corporate defendant. However, summary judgment was not proper for T-B Foods, Inc. That ruling by the trial court is reversed and the trial court is directed to enter an order allowing plaintiff to substitute T-B Foods, Inc., as party defendant, with the date of service relating back to the original service date of PWC, Inc.

*Judgment reversed. Banke, P. J., and Sognier, J., concur.*

DECIDED NOVEMBER 27, 1989.

*Thomas M. Witcher*, for appellant.
*Henry C. Tharpe, Jr., Cynthia N. Johnson*, for appellee.