A94A0324. FORD v. OLYMPIA SKATE CENTER, INC.
(445 SE2d 362)

JOHNSON, Judge.

Charles Ford filed suit against Olympia Skate Center, Inc. for injuries he allegedly sustained on February 18, 1991, while rollerskating in a rink bearing the name "Olympia Skate Center." Ford filed this action on February 17, 1993, just before the statute of limitation expired. The personal secretary of the president of Olympia Skate Center, Inc. was served on February 18, 1993. On March 16, 1993, Olympia Skate Center, Inc. answered and moved to dismiss alleging that service was insufficient and that Olympia Skate Center, Inc.

neither owns nor operates the skating facility where the injuries allegedly occurred. On April 16, 1993, while the motion to dismiss was pending, service of the complaint was made personally upon N. Henry Davis, the president of Olympia Skate Center, Inc. Olympia Skate Center, Inc. amended its motion to dismiss on June 9, 1993, and included an affidavit showing that the skating rink in question is in fact owned by Olympia Services, Inc. In the affidavit, Davis states that the two corporations are separate entities, though he admits that he serves as president of and owns stock in both corporations. On June 28, 1993, Ford filed a motion for leave of court to add Davis individually as a defendant claiming he is an indispensable party. On August 16, 1993, still prior to any ruling by the trial court, Ford moved for leave to amend to correct a corporate misnomer or in the alternative to add a proper party; specifically, Ford sought to add Olympia Services, Inc. as a party or to change Olympia Skate, Inc. to Olympia Services, Inc. The trial court entered an order granting Olympia Skate Center, Inc.'s motion to dismiss, holding that the complaint failed to state a claim upon which relief could be granted. The trial court found that service was proper and denied Olympia Skate Center, Inc.'s motion to dismiss on that basis. The court also denied Ford's motion to add Davis as a party. Although the trial court made no express ruling on Ford's motion to add Olympia Services, Inc. as a party, it effectively denied the motion in granting Olympia Skate Center, Inc.'s motion to dismiss. Ford appeals.

1. Ford contends that the trial court should have allowed him to add Olympia Services, Inc. as a party pursuant to OCGA § 9-11-15. We agree. OCGA § 9-11-15 (c) permits the addition of a new defendant and a relation back as to that new defendant if the amendment arises out of the same facts as the original complaint, the new defendant has sufficient notice of the action, and the new defendant knew or should have known that, but for a mistake concerning his identity as a proper party, the action would have been brought against him. *Robinson v. Piggly Wiggly of Calhoun*, 193 Ga. App. 675, 676 (388 SE2d 754) (1989); *Trillium Nursing Home v. Thebaut*, 189 Ga. App. 411 (375 SE2d 888) (1988). These requirements have been met in this case. First, the original complaint was served on the personal secretary of the man who served as president of both Olympia Skate Center, Inc. and Olympia Services, Inc. It was later served upon Davis himself. The trial court specifically found that Ford exercised due diligence and good faith in attempting service, such that any delay in service upon Davis was excusable. Therefore, arguably from the date of the original service upon Davis' secretary and certainly from the date of service directly upon Davis, Olympia Services, Inc. had actual notice of the action. Secondly, the amendment arises from the same facts as the original complaint. Thirdly, Olympia Services, Inc.,

through Davis, knew or should have known that, but for a mistake concerning its identity, the action would have been brought against it. *Robinson,* supra at 676; see *Ciprotti v. United Inns,* 209 Ga. App. 457, 458-459 (4) (433 SE2d 585) (1993).

The instant case is quite different from those cases involving attempts to add new parties in which there was no service upon the corporation to be added. See, e.g., *Dollar Concrete Constr. Co. v. Watson,* 207 Ga. App. 452, 454 (428 SE2d 379) (1993). In this case, as in *Robinson,* supra, Olympia Skate Center, Inc. and Olympia Services, Inc. are closely intertwined. The corporations have the same president, stockholder(s), bookkeeper, and accountant. In *Rich's, Inc. v. Snyder,* 134 Ga. App. 889 (216 SE2d 648) (1975), we allowed the plaintiff to substitute Rich's, Inc. for Richway, Inc. since the registered agent for service for both corporations was the same and the liability carrier for Rich's, Inc. was already on notice regarding the incident. *Robinson,* supra at 677. It is important to note that those cases which disallowed the substitution or addition of a party where the party first named is in fact a legal entity, have been expressly overruled. See *Franklyn Gesner Fine Paintings v. Ketcham,* 252 Ga. 537, 539-540 (314 SE2d 903) (1984). In recent years, it has been the policy of our appellate courts to interpret the Civil Practice Act liberally rather than restrictively. Id. at 539; *Dover Place Apts. v. A. & M. Plumbing &c. Co.,* 255 Ga. 27, 28 (2) (335 SE2d 113) (1985). Consistent with that policy, we find that the trial court erred in denying Ford's motion to substitute Olympia Services, Inc. for Olympia Skate Center, Inc. Therefore, the trial court is directed to enter an order allowing Ford to substitute Olympia Services, Inc. as party defendant, with the date of service relating back to the date of service upon Davis.

2. Ford also contends that the trial court erred in denying his motion to add Davis as a defendant because, as the owner and landlord of the premises where the incident occurred, he is an indispensable party. We note that there are questions as to whether Davis, as the owner of premises leased to and operated by an apparently separate entity, is liable for injuries occurring on those premises. See *Three Notch E.M.C. v. Bush,* 190 Ga. App. 858, 860-861 (3) (380 SE2d 720) (1989); *Godwin v. Olshan,* 161 Ga. App. 35, 36 (2) (288 SE2d 850) (1982). Assuming without deciding that Davis is liable for injuries occurring on the leased premises, he would at most be a joint tortfeasor with Olympia Services, Inc. Joint tortfeasors are not indispensable parties in an action against one of them, because their liability is both joint and several. *North Carolina Nat. Bank v. Peoples Bank of LaGrange,* 127 Ga. App. 372, 375 (193 SE2d 571) (1972), aff'd 230 Ga. 389 (197 SE2d 352) (1973); *Freeman v. Low X-Ray Corp.,* 130 Ga. App. 856, 857 (204 SE2d 803) (1974). Therefore, the trial court

did not err in denying Ford's motion to add Davis as a defendant.

3. Ford contends that the trial court erred in dismissing the case for failure to state a claim when Ford merely named the wrong defendant. In light of our holding in Division 1 that Ford must be allowed to substitute the proper defendant and our holding that the trial court's order of dismissal must be reversed, we need not address this issue.

*Judgment affirmed in part and reversed in part. Case remanded with direction. Beasley, P. J., and Andrews, J., concur.*

DECIDED JUNE 22, 1994.

*Lucas & Associates, Ellis M. Nelson*, for appellant.
*Daniel E. Potter, O. Hale Almand, Jr.*, for appellee.