A95A2686. SHIVER v. NORFOLK-SOUTHERN RAILWAY COMPANY.
(469 SE2d 769)

POPE, Presiding Judge.

Plaintiff Donny Shiver appeals the trial court's denial of his motion for leave to amend his complaint by adding a party. Concluding that the trial court abused its discretion in denying plaintiff's motion, we reverse.

On August 7, 1990, plaintiff was injured while working as a railroad employee. On May 13, 1991, he filed a Federal Employers' Liability Act (FELA) action against defendant Norfolk-Southern Railway Company (Norfolk), whom he believed to be his employer. Plaintiff's complaint was served on Norfolk's registered agent, F. Kennedy Hall, and Norfolk's attorney, Converse Bright, subsequently filed Norfolk's answer to the complaint. In its answer, Norfolk denied liability and asserted that plaintiff's actual employer was Georgia, Southern & Florida Railway Company (GS & F). Based on Norfolk's answer and conversations with Bright, on July 3, 1991, plaintiff filed his first amended complaint, wherein he named GS & F as a defendant. The first amended complaint was served on Hall, who also was GS & F's registered agent, and was answered by Bright on GS & F's behalf. In its answer, GS & F denied liability and stated that Live Oak, Perry & South Georgia Railway Company (Live Oak) was plaintiff's actual employer. On July 25, 1991, after again conferring with Bright, plaintiff filed his second amended complaint to add Live Oak as a defendant. As were the other complaints, plaintiff's second amended complaint was served on Hall, as Live Oak's registered agent, and was answered by Bright.

It is undisputed that plaintiff did not seek leave of the trial court to add new parties before serving the amended complaints. Instead, he waited until October 13, 1994, to file his motion to amend and add Live Oak as a defendant. By order dated January 16, 1995, the trial court denied plaintiff's motion to amend the original complaint to add Live Oak. We granted plaintiff's application for interlocutory re-

view following the trial court's subsequent denial of plaintiff's motion for reconsideration of that order.

In his sole enumeration, plaintiff argues that the trial court erred in denying his motion to amend and add Live Oak. We agree. "[W]here a party seeks to add a new party by amendment, OCGA § 9-11-21 requires the exercise of discretion by the trial court. . . . *Clover Realty Co. v. Todd*, 237 Ga. 821, 822 (229 SE2d 649) (1976)." (Punctuation omitted.) *Robinson v. Piggly Wiggly &c.*, 193 Ga. App. 675 (388 SE2d 754) (1989). A trial court abuses that discretion, however, if it denies the addition of a party based on delay alone. Id.; see *Maitlen v. Derst*, 178 Ga. App. 305, 306 (342 SE2d 777) (1986); *Dover Place Apts. v. A & M Plumbing &c. Co.*, 167 Ga. App. 732, 735 (307 SE2d 530) (1983).

In the instant case, the trial court denied plaintiff's motion to amend on the sole ground that more than three years had passed between the time plaintiff originally filed his complaint and the time he filed his motion to amend. Accordingly, we hold that the trial court abused its discretion in this case, and thus, that it "erred in denying plaintiff's motion to amend to add [Live Oak]." *Robinson*, 193 Ga. App. at 677. In so holding, we recognize that laches and inexcusable delay may bar a proposed amendment. Id. at 675. But "[l]aches [and inexcusable delay do] not consist of mere lapse of time. . . . There also must be prejudice or injury to the party sought to be added resulting from that passage of time." (Citation omitted.) *Black & White Constr. Co. v. Bolden Contractors*, 187 Ga. App. 805, 806-807 (2) (a) (371 SE2d 421) (1988). As plaintiff notes in his appellate brief, no such prejudice or injury was shown in the court below.

In fact, a review of the record demonstrates that the addition of Live Oak as a defendant in this case would not result in injury or prejudice to it because (1) plaintiff's lawsuit was commenced well within FELA's three-year statute of limitation; (2) the claim that plaintiff seeks to maintain against Live Oak arises out of the same occurrence which is the basis of his original lawsuit; (3) Live Oak received notice of the original service of the lawsuit within the statute of limitation, and was served with an amended complaint and summons within the limitation period which set forth plaintiff's allegations against it; (4) Live Oak has been represented throughout the litigation by the same attorney who answered for Norfolk and GS & F, and thus will not be prejudiced in maintaining a defense on the merits; and (5) Live Oak knew or should have known that but for a mistake concerning the identity of the proper party defendant the lawsuit would have been brought against it. See OCGA § 9-11-15 (c); *Ford v. Olympia Skate Ctr.*, 213 Ga. App. 600, 601-602 (1) (445 SE2d 362) (1994); *Robinson*, 193 Ga. App. at 676-677; *Rich's, Inc. v. Snyder*, 134 Ga. App. 889 (216 SE2d 648) (1975). The fact that Norfolk

and Live Oak are so closely intertwined also negates the existence of any prejudice to Live Oak in this case.

In light of the above, we reverse the denial of plaintiff's motion to amend his original complaint, and we direct the trial court to enter an order allowing plaintiff to add Live Oak as a party defendant, with the date of service relating back to the original service date on Norfolk. See OCGA § 9-11-15 (c); *Robinson*, 193 Ga. App. at 677.

*Judgment reversed. Beasley, C. J., and Ruffin, J., concur.*

DECIDED MARCH 6, 1996.

*Burge & Wettermark, F. Tucker Burge, Tom W. Thomas*, for appellant.

*J. Converse Bright*, for appellee.