A02A1138, A02A1139. PARKS et al. v. HYUNDAI MOTOR AMERICA, INC. (two cases).
(575 SE2d 673)

POPE, Senior Appellate Judge.

Peggy and Cedric Parks, Sr. appeal following the trial court's grant of summary judgment to Hyundai Motor America, Inc. ("Hyundai America") on the Parkses' claims arising out of a head-on automobile collision on July 3, 1998.

The collision occurred when a 1989 Hyundai Excel driven by Peggy Parks was struck by a vehicle driven by Eric Ray Jones, who was under the influence of alcohol. The three minor children of Peggy Parks and her husband, Cedric Parks, Sr., were in the backseat of the Hyundai wearing their seat belts at the time. Peggy Parks was injured in the collision and her five-year-old son, Cedric J. Parks, Jr.,

was killed. The Parkses' other two children, Ceisha and Candace Parks, were also severely injured in the crash.

Peggy and Cedric Parks, Sr. filed a lawsuit, individually and as next of kin of Ceisha and Candace, against Jones and Hyundai America. The Parkses also filed a separate wrongful death action on behalf of Cedric, Jr. and his estate. The complaints alleged that Hyundai America was liable in negligence and strict liability for defective design and manufacture of the Excel and its lap belt system.

Hyundai America stated in response to the complaint that it was not an automobile manufacturer and had not manufactured the Parkses' Hyundai. The Parkses later amended their complaints to assert claims against Hyundai America for knowingly placing a defective product into the marketplace and for failing to warn of these defects. After the Parkses determined that the 1989 Hyundai had been manufactured by Hyundai Motor Company ("Hyundai"), a Korean corporation, they filed a motion to add Hyundai as a defendant in both cases. Hyundai America moved for summary judgment in each case. The trial court granted Hyundai America's motions for summary judgment and denied the Parkses' motion to add Hyundai as a party.

1. The Parkses assert that the trial court erred in deciding the motion for summary judgment while they had motions to compel discovery pending. We note that the Parkses had no pending motions to compel in Case No. A02A1139, but did file motions to compel in Case No. A02A1138. Therefore, we will first consider this argument under the procedural posture of that case.

As a general rule, this Court does not condone the grant of summary judgment while a motion to compel discovery is pending, unless it can be determined that "the disallowed discovery would add nothing of substance to the party's claim." *McCall v. Henry Med. Center*, 250 Ga. App. 679, 685 (2) (551 SE2d 739) (2001). In addition, where a party fails to move for continuance or otherwise object to the court's failure to rule on the motion to compel prior to granting summary judgment, this Court has found that the party waived his right to appeal the issue. See *Wynn v. Arias*, 242 Ga. App. 712, 718 (5) (531 SE2d 126) (2000).

In this case, the Parkses filed discovery requests within the original discovery period, and Hyundai America replied. The Parkses later filed a motion to compel more complete answers to their discovery requests, after the filing of Hyundai America's motion for summary judgment. The trial court scheduled all the outstanding motions, including the discovery motions, the summary judgment motions and the motions to add Hyundai as a party, for a hearing on the same day. Shortly before the scheduled hearing date, the Parkses

filed a "Request[ ] for Specially Set Hearing and Request for a Decision on Briefs of Plaintiffs' Motions to Compel Only." In that document, the Parkses requested that the trial court specially set a new hearing on the summary judgment motion and that the court decide the motions to compel on the briefs. The Parkses specifically note that until the discovery issues were resolved, the motions for summary judgment were "not ripe for a hearing."[1] While this document is not labeled a motion for continuance, it is apparent from a review of the substance of the document that the Parkses were asking for a delay of the summary judgment hearing until after the discovery issues were resolved. In other words, they wanted to continue the summary judgment hearing until a later time. "There is no magic in nomenclature, and we judge pleadings, motions and orders not by their name but by their function and substance, being always mindful to construe such documents in a manner compatible with the best interests of justice." *Nelson & Hill, P.A. v. Wood*, 245 Ga. App. 60, 64 (1) (537 SE2d 670) (2000).

At the hearing on the combined motions, the trial court did not rule directly on the Parkses' request, but in effect denied it by hearing argument on the summary judgment motions and deferring a ruling on the motions to compel. The trial court stated that "there's no reason for me to compel discovery if I throw the case out" on summary judgment. Accordingly, we find that the Parkses did not waive their right to assert this issue on appeal.

And based upon our review of the record, we cannot say that the discovery the Parkses were seeking would add nothing of substance to their claim. The Parkses assert that Hyundai America failed to warn of problems and dangers in the design of the Hyundai Excel's passenger restraint system. "As a distributor, [Hyundai America] could be held liable for negligent failure to warn only if, *at the time of the sale*, it had 'actual or constructive knowledge' that its product created a danger for the consumer." (Citations omitted; emphasis supplied.) *Bishop v. Farhat*, 227 Ga. App. 201, 206 (6) (489 SE2d 323) (1997). See also *Deloach v. Rovema Corp.*, 241 Ga. App. 802, 804 (527 SE2d 882) (2000). A product seller "is required to [warn] if he has knowledge, or by the application of reasonable, developed human skill and foresight should have knowledge of the danger." (Citation and punctuation omitted.) *Chrysler Corp. v. Batten*, 264 Ga. 723, 725 (1) (450 SE2d 208) (1994). And this Court has recognized that consumer complaints about a product can create a jury issue as to whether a distributor or seller should have reasonably known of a danger. See *Bishop v. Farhat*, 227 Ga. App. at 206 (6).

---

[1] They also renewed their request for an extension of the discovery period.

Here, the Parkses produced evidence of a published opinion showing one complaint filed against Hyundai America alleging a similar defect in the Hyundai Excel's passenger restraint system. That complaint arose out of an accident that occurred in 1987, more than a year before the Parkses' Hyundai Excel was sold. *Hyundai Motor Co. v. Chandler*, 882 SW2d 606 (Tex. App. 1994). Although the reported *Chandler* opinion does not indicate when the complaint was filed, the decision raises an issue as to when Hyundai America became aware of this complaint and thus whether Hyundai America had notice or knowledge of claimed problems with the passenger restraint system at some point prior to the sale of the Hyundai Excel in this case.[2] This issue is properly the subject of discovery in this case, but Hyundai America failed to identify this case in response to the Parkses' interrogatories and failed to produce any documents that would have allowed the Parkses to determine when Hyundai America received notice of the claim.

Moreover, despite the existence of the *Chandler* case, Hyundai America responded to the Parkses' request for a list of product liability/design defect lawsuits filed against Hyundai America by stating, over objection, that: "to the extent this request seeks a list of lawsuits involving a Hyundai Excel model vehicle and involving a defect allegation that the *rear center* seat was equipped with a lap belt only, this defendant states that no such lawsuit has been filed against Hyundai Motor America." (Emphasis supplied.) The *Chandler* opinion notes, however, that the plaintiffs in that case had alleged, "that the Excel was defective in that it was designed with only a lap belt seat restraint mechanism for back seat passengers." *Chandler*, 882 SW2d at 610.[3]

While the victim in *Chandler* was sitting in the left rear seat, as opposed to the "center rear" seat, Hyundai America's discovery response raises an issue as to whether the company was drawing too fine a line in responding to the Parkses' discovery requests and whether other relevant complaints may exist. The Parkses' three children were all sitting in the rear seat wearing their seat belts, and all of them suffered injuries. The accident report indicates that one of the girls who is the subject of this lawsuit was sitting in the left rear seat of the car and the other was sitting in the right rear seat. Cedric,

---

[2] The Parkses also produced a list of numerous other complaints filed against Hyundai America, although the record is unclear as to the exact nature of the claims alleged in those complaints.

[3] In addition, the record contains another complaint against Hyundai America asserting that "the rear seat occupant restraint system was dangerously defective and uncrashworthy . . . and did not provide adequate protection for children." While the accident in that case occurred after the Parkses' Hyundai was sold, it raises an issue as to the completeness of Hyundai America's discovery response.

Jr., whose injuries are the subject of the companion lawsuit, was sitting in the center rear seat. Thus, a question arises as to whether Hyundai America was being nonresponsive or evasive in responding with regard to lawsuits concerning the center rear seat position in a case in which neither of the two victims was sitting in the center rear seat.

> While the extent of discovery is generally within the discretion of the trial court judge, this discretion must be based on sound legal analysis with an eye to promoting the purpose of discovery and limiting its abuse. Discovery should not be prohibited where the effect is to frustrate that purpose and prevent legitimate discovery.

(Citations and footnotes omitted.) *Intl. Harvester Co. v. Cunningham*, 245 Ga. App. 736, 739 (1) (538 SE2d 82) (2000). We find that the Parkses raised discovery issues that required judicial scrutiny, and that the trial court's consideration of Hyundai America's summary judgment motion in Case No. A02A1138 was premature. See *McCall v. Henry Med. Center*, 250 Ga. App. at 685 (2). Accordingly, we reverse and remand the cases for consideration of the Parkses' motion to compel.

We now turn to Case No. A02A1139. That case, asserting claims on behalf of Cedric, Jr., is a companion case to the claims asserted on behalf of his sisters arising out of the same accident, and, as such, cannot be reviewed in a vacuum. Although the Parkses did not file duplicate discovery in that case and there were no pending discovery motions, an issue exists as to whether Hyundai America's stance on discovery in the companion case also hampered the Parkses' ability to pursue the claims relating to Cedric, Jr. Accordingly, under the peculiar circumstances of these two closely related companion cases, we find that it was also premature for the trial judge to rule on the motion for summary judgment in Case No. A02A1139.

2. The Parkses also contest the trial court's grant of summary judgment to Hyundai America in the two cases. Given our holding in Division 1 above, we need not address this issue.

· 3. The Parkses further argue the trial court erred in denying their motion to add Hyundai as a party to the litigation. Although the Parkses acknowledge that the statute of limitation had run on their claims at the time they made their motion, they assert that the claims against Hyundai should relate back to the original filing date of their complaint pursuant to OCGA § 9-11-15 (c).

A trial court's decision as to whether a party should be added to a lawsuit lies in the court's sound discretion and will be overturned on appeal only upon a showing of abuse of that discretion. *Deleo v.*

*Mid-Towne Home Infusion*, 244 Ga. App. 683, 684 (536 SE2d 569) (2000). When a party attempts to add a new party defendant after the statute of limitation expires, "the provisions of OCGA § 9-11-15 (c) apply to determine whether or not the addition of the party relates back to the commencement of the action and [can be] considered timely." (Punctuation and footnote omitted.) *Caldwell v. Parc Chateau Apts.*, 252 Ga. App. 862, 863 (557 SE2d 455) (2001). In order to invoke the relation-back provisions of this Code section, the moving party must show that each of the following three conditions is met:

> (1) the amendment adding the new defendant arose out of the same facts as the original complaint; (2) the new defendant had sufficient notice of the action [that he will not be prejudiced in maintaining his defense on the merits]; and (3) the new defendant knew or should have known that but for a mistake concerning his identity as a proper party, the action would have been brought against him.

(Footnote omitted.) *Deleo*, 244 Ga. App. at 684. See also OCGA § 9-11-15 (c). There is no dispute that the proposed claims against Hyundai arose out of the same facts as the claims against Hyundai America, so the first element is met. But the parties disagree as to the two remaining elements.

We find that Hyundai should be charged with notice of the Parkses' claims and that no undue prejudice will result to Hyundai in maintaining its defense. The record shows that Hyundai America is a wholly owned subsidiary of Hyundai. In addition, Hyundai America and Hyundai were jointly sued in at least two lawsuits asserting that the rear passenger restraint system was defective, and in at least one of those cases, the two companies were represented by the same counsel.

In Georgia we have recognized that claims against a later-added corporation will relate back to earlier claims filed against a similarly named, related corporation under certain circumstances. In *Rich's, Inc. v. Snyder*, 134 Ga. App. 889 (216 SE2d 648) (1975), for example, the plaintiff originally sued Rich's wholly owned subsidiary, Richway, Inc., for claims arising out of a fall at a Richway store, but later, after the statute of limitation had run, sought to add Rich's, the true owner of the store, as a party. We held that the claims against Rich's related back to the claims filed against Richway. Id. at 891-892 (1). See also *Tanner's Rome, Inc. v. Ingram*, 236 Ga. App. 275, 276 (511 SE2d 617) (1999); *Ford v. Olympia Skate Center*, 213 Ga. App. 600, 601-602 (1) (445 SE2d 362) (1994).

While there was clearer evidence in these earlier cases that the

second corporation had notice because the two corporate entities shared the same registered agent for service or shared common officers, we find that the history of lawsuits against both Hyundai entities and the fact that Hyundai is the sole shareholder of Hyundai America provide strong evidence of notice. Under these facts it goes beyond mere speculation to assume that Hyundai America would have notified its parent corporation that another claim regarding the rear seat restraint system had been filed. This is especially true in light of the allegations in the complaint regarding defective design and manufacture. This is not a case where the two corporations were completely unrelated. See, e.g., *Khawaja v. Lane Co.*, 239 Ga. App. 93, 95 (2), 99 (520 SE2d 1) (1999).

Nor do we think that Hyundai will be prejudiced in the presentation of its defense, even though the claims were filed after the expiration of the statute of limitation, as well as after the statute of repose for the Parkses' strict liability claims. See OCGA § 51-1-11 (b) (2), (c). This Court has held that

> prejudice, for purposes of OCGA § 9-11-15 (c), does not include the relation back of an amendment to before the expiration of the statute of limitation. Laches requires more than the passage of time; laches also requires prejudice arising from that passage of time; and when the original defendant and the defendant which plaintiff proposes to add by amendment are intertwined corporations which both have received notice of an action before the expiration of the statute of limitation, the prejudice that might otherwise exist is negated.

(Citations omitted.) *Fontaine v. Home Depot*, 250 Ga. App. 123, 125-126 (1) (550 SE2d 691) (2001).

We think the same reasoning holds true for a statute of repose. While the original complaint was filed after the expiration of the ten-year statute of repose, which would present an absolute defense to the Parkses' claims of strict liability and negligent manufacture and design, that statute does not provide an absolute bar to the Parkses' claims for negligent failure to warn. The statute states: "Nothing contained in this subsection shall relieve a manufacturer from the duty to warn of a danger arising from use of a product once that danger becomes known to the manufacturer." OCGA § 51-1-11 (c). This language removes negligent failure to warn claims from "the ambit of the statute of repose." *Chrysler Corp. v. Batten*, 264 Ga. at 727 (4).

In addition, we believe that the record demonstrates that Hyundai should have known that but for a mistake in identity, the Parkses would have added the corporation as a party. The original

complaint asserted claims for negligent design and manufacture against Hyundai America and alleged that Hyundai America had manufactured their Excel. It is clear from these allegations that the Parkses intended to bring suit against the manufacturer of the automobile, and but for a mistake in identity between two similarly named corporations the Parkses would have included Hyundai in the suit. See *Fontaine v. Home Depot*, 250 Ga. App. at 126 (1).

Nor do we find any undue delay or laches in the Parkses' attempts to add Hyundai to the case. The record demonstrates that the Parkses originally attempted to add Hyundai as a party in one of the cases by amendment filed nine months after the original complaint. That amendment was later withdrawn and another amendment filed in both cases, along with a motion to add Hyundai as a party, a few months later, within one year of the original complaint. Another motion to add Hyundai as a party was then filed in both cases two months later, less than fourteen months after the original complaint was filed. This Court has previously upheld an 18-month delay in adding a party, *Little Tree, Inc. v. Fields*, 240 Ga. App. 12 (522 SE2d 509) (1999), and we find no undue delay under the facts of this case.

Accordingly, we find that the Parkses met the requirements of OCGA § 9-11-15 (c) and that the trial court erred in denying their motion to add Hyundai as a party to the case.

*Judgment reversed and remanded. Ruffin, P. J., and Barnes, J., concur.*

ON MOTION FOR RECONSIDERATION.

On motion for reconsideration, Hyundai America argues that despite the existence of discovery issues in the case, summary judgment was appropriate because the Parkses failed to establish that a defect existed within the Hyundai's restraint system, and that the issue of customer complaints discussed in this Court's opinion would not rectify this lack of proof. Hyundai America is essentially arguing in its motion for reconsideration that the Parkses' claims must be evaluated under a summary judgment analysis before the trial court resolves the issue of whether they have received all the discovery to which they are entitled and which may lead to the production of relevant evidence.

But a consideration of summary judgment would be premature in this case until the discovery issues are resolved because we cannot say that the requested discovery would add nothing of substance to their claims. It is possible, for example, that documentation regarding the prior customer complaints could address both the issue of notice and the issue of whether a defect existed. Moreover, we note

that our discussion regarding discovery of the prior customer complaints was meant to be an example of but one discovery issue that merits further judicial attention and that could lead to the production of relevant evidence. The Parkses' motion to compel covers a number of discovery matters that are still at issue, and those matters should be addressed by the trial court, although this Court did not address each of them in detail.

In reaching our holding in this case, we expressly did not address the issue of summary judgment. Thus, we did not hold, as Hyundai América asserts, that evidence of prior customer complaints standing alone would be sufficient in this case to create a jury question on the issue of notice. Rather, after the discovery issues are resolved, it will be for the trial judge to revisit the issue of summary judgment based upon the evidence of record and the applicable law.

*Motion for reconsideration denied.*

DECIDED NOVEMBER 25, 2002 —
RECONSIDERATION DENIED DECEMBER 16, 2002

*Rita T. Williams*, for appellants.

*McKenna, Long & Aldridge, Frank F. Middleton IV, Charles K. Reed, Jill C. Kuhn, Robert A. Bartlett; Harrison & Harrison, Stephen P. Harrison*, for appellee.