A05A1598. RASHEED et al. v. KLOPP ENTERPRISES, INC. et al.
(622 SE2d 442)

ELLINGTON, Judge.

The State Court of Cobb County denied Yusuf and Frishawn Rasheed's motion for leave to amend their personal injury complaint against Klopp Enterprises, Inc. and Corey Fielding and, in the same order, granted Klopp's motion for summary judgment. The trial court also denied as moot a motion to dismiss filed under special appearance by Easy T.V. & Appliance Rental, Inc., the defendant the Rasheeds sought to add via their amended complaint. The Rasheeds appeal, contending the trial court erred in denying their motion for leave to amend their complaint to add Easy T.V. as a party defendant and in granting Klopp's motion for summary judgment. For the reasons which follow, we reverse in part and affirm in part.

1. The Rasheeds contend the trial court erred in denying their motion for leave to amend their complaint to add Easy T.V. as a party defendant. Ordinarily, a plaintiff may amend a complaint without leave of court "at any time before the entry of a pretrial order,"[1] as was the case here. An amendment which adds a party, however, is

---

[1] OCGA § 9-11-15 (a).

governed by OCGA § 9-11-21, which provides, "[p]arties may be . . . added by order of the court on motion of any party . . . and on such terms as are just." "A trial court's decision as to whether a party should be added to a lawsuit lies in the court's sound discretion and will be overturned on appeal only upon a showing of abuse of that discretion." (Citation omitted.) *Parks v. Hyundai Motor America*, 258 Ga. App. 876, 880 (3) (575 SE2d 673) (2002). We have held that when a plaintiff can satisfy the statutory requirements for relation back of an amendment, set out in OCGA § 9-11-15 (c),[2] denying a motion for leave to amend the complaint to add a defendant is an abuse of the trial court's discretion. *Fontaine v. Home Depot*, 250 Ga. App. 123, 125 (1) (550 SE2d 691) (2001).

The Rasheeds argue that they met the three requirements for effecting an amendment under OCGA § 9-11-15 (c): (1) the amendment adding Easy T.V. arises out of the same occurrence as the original complaint; (2) before the statutory limitation period expired, Easy T.V. had notice of the action such that it will not be prejudiced in maintaining its defense on the merits; and (3) within the same period, Easy T.V. knew or should have known it would have been named a defendant but for a mistake by the Rasheeds. We agree.

The record shows the following undisputed facts. On September 13, 2001, Fielding, an Easy T.V. employee, was driving a commercial van marked "Easy Rental" when he collided with the car Yusuf Rasheed was driving, damaging Rasheed's car and injuring Rasheed. Fielding apologized for the accident and said he did not see Rasheed's car. Fielding provided the responding officer with proof of insurance.

On the date of the accident, Easy T.V. was listed as an additional insured on a business auto insurance policy carried by Klopp. Easy T.V.'s employees, when driving Easy T.V.'s vehicles, carried an insurance card which showed Klopp as the insured. Klopp's insurance carrier settled Rasheed's claim for property damage to his vehicle arising from the accident.

Based on the insurance information noted in the police report, the Rasheeds concluded that Klopp was Fielding's employer. Yusuf

---

[2] OCGA § 9-11-15 (c) provides:

Whenever the claim or defense asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back to the date of the original pleadings if the foregoing provisions are satisfied, and if within the period provided by law for commencing the action against him the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Rasheed filed his complaint against Klopp and Fielding on September 5, 2003.[3] Klopp was served on September 12, 2003. Fielding was never served. Klopp's attorney filed an answer on behalf of Fielding as well as on behalf of Klopp. During discovery, witnesses testified that Fielding was an employee of Easy T.V. and was not an employee of Klopp.

Easy T.V., a subsidiary of Klopp, operates nine stores in Atlanta under the trade name "Easy Rental." One shareholder owns 100 percent of both Klopp and Easy T.V. and serves as chairman of the board of directors of both corporations. One officer serves as president and the registered agent for service of both corporations. Three officers are authorized to sign disbursements and checks for both corporations. Klopp and Easy T.V. share a corporate office. Visitors to either corporation would use the same entrance and be greeted by the same receptionist. Callers to either corporation would dial the same telephone number, and the receptionist answers, "This is Klopp Enterprises." Klopp and Easy T.V. share a computer network. Employees of both corporations use the same break room, rest room, copiers, etc. The same attorney represents Klopp and Easy T.V. in this litigation.

Based on the undisputed evidence, there is no issue regarding the first relation-back factor — the Rasheeds' claim against Easy T.V. arose out of the occurrence set forth in their original complaint, that is, the wreck on September 13, 2001. See *Robinson v. Piggly Wiggly of Calhoun*, 193 Ga. App. 675 (388 SE2d 754) (1989) (in slip-and-fall case, amendment which changed defendant premises owner arose out of same occurrence); *Shiver v. Norfolk-Southern R. Co.*, 220 Ga. App. 483, 485 (469 SE2d 769) (1996) (in FELA case, amendment which changed defendant employer arose out of same occurrence).

With regard to the second factor, the evidence demanded a finding that Easy T.V. had notice of the action when Klopp was served, which was the day before the expiration of the statutory limitation period. See *Shiver v. Norfolk-Southern R. Co.*, 220 Ga. App. at 485 (same registered agent received service for both original and added defendant, and same lawyer represented both entities throughout the litigation); *Ford v. Olympia Skate Center*, 213 Ga. App. 600, 601-602 (1) (445 SE2d 362) (1994) (service of original complaint was on person who served as president of added defendant); *Robinson v. Piggly Wiggly of Calhoun*, 193 Ga. App. at 675 (service of original complaint was on person who served as president of added defendant). In opposing the Rasheeds' motion for leave to amend, Easy T.V.

---

[3] Frishawn Rasheed became a party plaintiff, asserting a claim for loss of consortium, by later amendment.

claimed that it will be prejudiced in maintaining its defense on the merits because it will lose its statute of limitation defense. But we have held that "prejudice, for purposes of OCGA § 9-11-15 (c), does not include the relation back of an amendment to before the expiration of the statute of limitation." (Citation omitted.) *Fontaine v. Home Depot*, 250 Ga. App. at 125-126 (1). See also *Shiver v. Norfolk-Southern R. Co.*, 220 Ga. App. at 485 (fact that the original and added defendant were "so closely intertwined also negates the existence of any prejudice" to the added defendant).

With regard to the third factor, the evidence demanded a finding that Easy T.V. knew or should have known it would have been named a defendant but for a mistake by the Rasheeds. Easy T.V. knew Fielding was its employee, and not Klopp's, knew that its drivers carried insurance cards designating Klopp as the insured, knew that its insurer was handling Yusuf Rasheed's claim for property damage under its business auto policy, knew that the Rasheeds had filed suit against Klopp, and knew that its only basis for liability for the Rasheeds' personal injury claims was under the doctrine of respondeat superior. See *Parks v. Hyundai Motor America*, 258 Ga. App. at 882-883 (3) (complaint showed that plaintiff wished to sue manufacturer of automobile and mistakenly sued similarly-named related corporation); *Ford v. Olympia Skate Center*, 213 Ga. App. at 601-602 (1) (complaint showed that plaintiff wished to sue owner of skating rink and mistakenly sued similarly-named related corporation).

Finally, we do not find any undue delay or laches in the Rasheeds' attempts to add Easy T.V. to the case.

> Laches requires more than the passage of time; laches also requires prejudice arising from that passage of time; and when the original defendant and the defendant which plaintiff proposes to add by amendment are intertwined corporations which both have received notice of an action before the expiration of the statute of limitation, the prejudice that might otherwise exist is negated.

(Citations omitted.) *Fontaine v. Home Depot*, 250 Ga. App. at 126 (1). The record demonstrates that the Rasheeds attempted to add Easy T.V. as a party by amendment filed 11 months after the original complaint. See *Parks v. Hyundai Motor America*, 258 Ga. App. at 883 (3) (thirteen-month delay); *Little Tree, Inc. v. Fields*, 240 Ga. App. 12, 13-14 (1) (522 SE2d 509) (1999) (eighteen-month delay); *Shiver v. Norfolk-Southern R. Co.*, 220 Ga. App. at 485 (three-year delay).

Because the Rasheeds' motion to amend conforms to the requirements of OCGA § 9-11-15 (c) and is not prejudicial, the trial court abused its discretion in denying the Rasheeds' motion for leave to

amend their complaint to add Easy T.V. as a party defendant. *Fontaine v. Home Depot*, 250 Ga. App. at 126-127 (1). Accordingly, we direct the trial court to enter an order granting the Rasheeds' motion to amend the complaint to add Easy T.V. as a party defendant, with the date of service relating back to the date of service on Klopp. Id.; *Shiver v. Norfolk-Southern R. Co.*, 220 Ga. App. at 485.

2. The Rasheeds contend material questions of fact remain regarding "whether Klopp and Easy T.V. are intertwined entities" and, therefore, the trial court erred in granting Klopp's motion for summary judgment. Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). "A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case." (Citation and emphasis omitted.) *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). "On appeal, we review the grant or denial of summary judgment de novo, construing the evidence and all inferences in a light most favorable to the nonmoving party." (Footnote omitted.) *Pirkle v. Robson Crossing, LLC*, 272 Ga. App. 259 (612 SE2d 83) (2005).

In their amended complaint, the Rasheeds alleged that Fielding was an employee of Klopp and Easy T.V. and that Klopp and Easy T.V. are vicariously liable for Fielding's negligent acts, committed in the scope of his employment. Nowhere in the complaint do the Rasheeds contend that Klopp should be held liable for the debts of Easy T.V. on the basis that the corporations' common owner disregarded the corporate form, that is, under a theory of "piercing the corporate veil."[4]

Because the Rasheeds sued Klopp and Easy T.V., alleging vicarious liability for the acts of an employee, and because there is no

---

[4] To justify piercing the corporate veil to hold a corporate owner liable, the plaintiff must show the owner abused the corporate form by disregarding the separateness of legal entities by commingling on an interchangeable or joint basis or confusing the otherwise separate properties, records, or control. It must be shown that the stockholders' disregard of the corporate entity made it a mere instrumentality for the transaction of their own affairs; that there is such unity of interest and ownership that the separate personalities of the corporation and the owners no longer exist; and to adhere to the doctrine of corporate entity would promote injustice or protect fraud. Such evidence may include the owner using corporate funds for personal expenses or the owner bleeding one company to pay the expenses of another company he owns or the owner treating all his companies and himself as one unit. (Citations omitted.) *Scott Bros., Inc. v. Warren*, 261 Ga. App. 285, 287-288 (4) (582 SE2d 224) (2003).

evidence in the record that Fielding was Klopp's employee, the trial court correctly granted Klopp's motion for summary judgment. *Hargett's Tel. Contractors v. McKeehan*, 228 Ga. App. 168, 171 (491 SE2d 391) (1997). See also *Johnson v. Webb-Crawford Co.*, 89 Ga. App. 524, 528-529 (80 SE2d 63) (1954) (directed verdict proper in absence of evidence driver of vehicle was employed by defendant).

*Judgment affirmed in part and reversed in part. Smith, P. J., and Adams, J., concur.*

DECIDED OCTOBER 25, 2005.

*Johnson & Freeman, Ronald J. Freeman, Maureen M. McLeod, Eunice A. McMurtry*, for appellants.

*Moore, Ingram, Johnson & Steele, Charles L. Davis, Jr.*, for appellees.