**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 28, 2024**

# In the Court of Appeals of Georgia

A24A0515. KUNKEL et al. v. HILLMAN.

GOBEIL, Judge.

Andrew and Amber Kunkel appeal from the trial court's grant of summary judgment to defendant James R. Hillman, Jr. in this breach of contract action, arguing that the trial court erred by (1) denying their motion for leave to add a corporation as a party defendant and (2) granting Hillman's motion for summary judgment. For the reasons that follow, we reverse the trial court's order denying the motion to add a party and vacate the grant of summary judgment.

The record shows that in 2017, Amber Kunkel visited the showroom of Hillman Flooring & Design to inquire about replacing water-damaged flooring in the Kunkels' home. Hillman Flooring & Design is a trade name of Ceramic Surfaces, Inc., a

company in which Hillman and his wife each have a 50 percent ownership interest. During the construction project, the Kunkels dealt with a number of Hillman Flooring & Design employees, including Hillman, and e-mails and invoices from the business include the name "Hillman Flooring & Design." A check written by the Kunkels shows "Hillman Flooring & Design" as the payee.

In October 2021, the Kunkels filed a breach of contract action against Hillman in his individual capacity, alleging that after completion of the project, numerous problems arose with the work, including cupping and shrinkage of their hardwood floors. On December 17, 2021, Hillman answered the complaint. In his answer, he maintained that the contract at issue was between the Kunkels and "Ceramic Surfaces, Inc. d/b/a Hillman Flooring & Design," and he therefore argued that the complaint should be dismissed because the Kunkels did not have claims against him individually. He clarified that Hillman Flooring & Design is not a registered corporation, but is a trade name for Ceramic Surfaces, Inc.[1]

---

[1] Hillman testified at his deposition that he and his wife mistakenly believed that they had registered "Hillman Flooring & Design" as a trade name of Ceramic Surfaces, but learned through their bank that they had failed to do so. To rectify the situation, Hillman filed a trade name registration in Gwinnett County Superior Court on December 3, 2021.

The parties engaged in extensive discovery. Then, on January 27, 2023, the Kunkels filed a motion for leave to add Ceramic Surfaces, Inc. as a party defendant. Hillman objected, and the trial court held a hearing on the motion. The trial court denied the motion, reasoning that the Kunkels were aware of the existence of Ceramic Surfaces in December 2021 via Hillman's answer, and they had failed to show any excuse or justification for failing to add Ceramic Services "as a party at this late stage of the litigation."

Hillman then filed a motion for summary judgment, arguing that he was not a proper party, and all claims against him should be dismissed. In response, the Kunkels filed affidavits in which they averred that, throughout all of their dealings with Hillman and his associates, the name "Ceramic Surfaces" was never mentioned. After a hearing, the trial court granted the motion, and this appeal followed.

1. The Kunkels first argue that the trial court erred by denying their motion to add Ceramic Surfaces as a party defendant. We agree.

OCGA § 9-11-21 provides that "[p]arties may be dropped or added by order of the court on motion of any party. . . at any stage of the action and on such terms as are just." In deciding whether to add a party,

3

the trial court must construe OCGA § 9-11-21 in conjunction with OCGA § 9-11-15 (c), which allows an amendment adding a party to relate back to the filing of the original complaint "whenever the claim . . . asserted in the amended pleading arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading."

*Seay v. Valdosta Kidney Clinic, LLC*, 353 Ga. App. 378, 380 (1) (837 SE2d 529) (2020) (punctuation omitted).

"A trial court's decision as to whether a party should be added to a lawsuit lies in the trial court's sound discretion and will be overturned on appeal only upon a showing of abuse of that discretion." *Gonzalez v. Jones*, 369 Ga. App. 358, 361 (893 SE2d 528) (2023) (citations and punctuation omitted). That said, "[w]e have held that when a plaintiff can satisfy the statutory requirements for relation back of an amendment, set out in OCGA § 9-11-15 (c), denying a motion for leave to amend the complaint to add a defendant is an abuse of the trial court's discretion." *Rasheed v. Klopp Enterprises, Inc.*, 276 Ga. App. 91, 92 (1) (622 SE2d 442) (2005) (footnote omitted).

OCGA § 9-11-15 (c) provides in relevant part:

An amendment changing the party against whom a claim is asserted relates back to the date of the original pleadings if . . . within the period provided by law for commencing the action against him the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

Thus, to bring an existing claim against a new defendant where the statute of limitation has expired,[2]

the moving party must show that each of the following three conditions is met: (1) the amendment adding the new defendant arose out of the same facts as the original complaint; (2) the new defendant had sufficient notice of the action that [it] will not be prejudiced in maintaining [its] defense on the merits; and (3) the new defendant knew or should have known that but for a mistake concerning [its] identity as a proper party, the action would have been brought against [it].

*Gonzalez*, 369 Ga. App. at 362 (citation and punctuation omitted).

---

[2] During the proceedings below, the parties disputed whether this action was governed by OCGA § 9-3-25 (four-year limitation period for action on contract considered to be in parol) or OCGA § 9-3-24 (six-year statute of limitation for action on written contract). We will assume, for purposes of this appeal only, that the four year statute of limitation applies.

5

Here, the trial court denied the motion on the sole ground that the Kunkels had "failed to show justification for their one-year delay in seeking to add 'Ceramic Surfaces, Inc.' as [a] party." However, we have held that "[m]ere delay in filing a motion to amend is not enough to warrant the denial of such a motion. Thus, while laches and unexcused delay may bar a proposed amendment, the mere fact that an amendment is offered late in the case is not enough to bar it *if the other party is not prejudiced*." *Seay*, 353 Ga. App. at 380 (1) (citation and punctuation omitted; emphasis supplied).

The Kunkels' motion to add Ceramic Surfaces as a party defendant met the above-described relation-back requirements. The proposed amendment would not have altered the substance of the breach of contract claim and stemmed from the same set of facts alleged in the original complaint. Furthermore, Ceramic Surfaces had notice of the action via Hillman's involvement in the litigation, and thus there is no evidence of prejudice or dilatory tactics by the Kunkels. See *Oconee County v. Cannon*, 310 Ga. 728, 735 (2) (854 SE2d 531) (2021) ("the defendant's knowledge, not the nature of the plaintiff's mistake, is the key factor in determining whether relation-back applies"); *Seay*, 353 Ga. App. at 381 (1) ("mere delay in seeking leave to amend was

not a sufficient reason for denying the plaintiffs' motion[, and] the loss of a statute of limitation defense is not the type of prejudice necessary to foreclose such amendment") (citation and punctuation omitted).

In sum, because the Kunkels' proposed amendment adding Ceramic Surfaces to the litigation related back to the timely-filed original complaint, the trial court abused its discretion in denying the Kunkels' motion to add it as a party defendant. *Oconee County*, 310 Ga. at 732 (2); see *Rasheed*, 276 Ga. App. at 92-95 (1) (where plaintiffs' motion to add party defendant satisfied requirements of OCGA § 9-11-15 (c) and was not prejudicial, trial court abused its discretion in denying motion to add party, which was filed 11 months after original complaint). We therefore reverse the trial court's order denying this motion.

2. The Kunkels also maintain that the trial court erred by granting summary judgment in favor of Hillman because there remains an issue of fact as to whether Hillman was entitled to the shield a corporate entity provides.

Hillman premised his motion for summary judgment on the Kunkels' failure to add Ceramic Surfaces/Hillman Flooring & Design as a defendant, arguing that Hillman was not individually liable to the Kunkels. Given our holding in Division 1,

7

the trial court's grant of summary judgment to Hillman (on the basis of Ceramic Surfaces/Hillman Flooring & Design's absence from the litigation[3]) was erroneous. We therefore vacate the trial court's order granting summary judgment in favor of Hillman and remand the case for further proceedings not inconsistent with this opinion. See *Seay*, 353 Ga. App. at 382 (2) (vacating trial court's grant of summary judgment to medical providers in wrongful death action; vacation of order and remand was necessary because trial court erred by denying plaintiffs' motion to add decedent's widow to litigation).

*Judgment reversed in part and vacated in part, and case remanded. Barnes, P. J., and Pipkin, J., concur.*

---

[3] Although the trial court's order does not specify its precise reasoning for granting Hillman's motion for summary judgment, because the only ground raised in his motion for summary judgment was the Kunkels' failure to name Ceramic Surfaces/Hillman Flooring & Design, we presume for purposes of this appeal that the trial court granted summary judgment for this reason.